SLOAN *v.* LAWRENCE COUNTY.

Opinion delivered April 29, 1918.

1. EMINENT DOMAIN—TAKING PRIVATE PROPERTY FOR PUBLIC USE—NECESSITY—NOTICE.—The Act of 1911, p. 364, *held* valid in so far as it provides for the taking of private property by order of the county court for a public road, without notice to the interested land owner or a determination of the necessity therefor.

2. EMINENT DOMAIN—NOTICE—NECESSITY.—The power of eminent domain may be exercised by the sovereign State, without notice to the interested land owner; necessity for condemnation for strictly public use is a political question to be exercised by the law makers, and a hearing upon the question of necessity is not essential to the validity of the proceedings.

3. EMINENT DOMAIN—NOTICE—NECESSITY—COMPENSATION.—A statute will be valid which determines without any intervention the question of the necessity for the appropriation, or submits it, without providing for notice, to an inferior tribunal, but a statute which undertakes to determine the question of compensation or to submit it to commissioners or appraisers, without providing notice, is unconstitutional.

Appeal from Lawrence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Smith & Childers* and *Sloan & Sloan,* for appellants.

1. The act of 1911, if constitutional, applies only to counties which have voted the three-mill county road tax under Amendment No. 5, Constitution. This tax had not been voted for, nor did the county court levy such a tax. Act 422, Acts 1911; Kirby's Dig., § 2328; 76 Ark. 303, 309.

2. The act (1911) is unconstitutional. It fails to provide for notice, or make provision for compensation and damages. 5 Enc. U. S. Rep. 789; 4 L. R. A. (N. S.) 169; 8 Cyc. 1126; 15 *Id.* 841; 37 *Id.* 65. The owner of lands is entitled to be heard and the right of appeal can not be taken away. Const., art. 7, § 33; 90 Ark. 219; 33 *Id.* 508. The provision for compensation is inadequate, as it provides only for damages. 127 Mass. 50; 34 Am. Rep. 338; 24 Cal. 427; 10 A. & E. Enc. Law (2 ed.) 1132; 96 U. S. 635; 147 *Id.* 248, 260; 125 *Id.* 161; 43 So. 739; Kirby's Dig., § 2996.

3. If constitutional, the act of 1911 should be construed as *in pari materia* with the viewer's act of 1871. There must be notice; petition signed by majority, bond given for costs; order appointing viewers and notice served on owners and viewers; oath of viewers, actual view and written report; hearing by court and order establishing road and providing for damages and compensation. Kirby's Dig., § § 2992-3006, 2995, 2993-4, 2996-8-9, 3000-2. The failure to take the jurisdictional steps avoids the act.

4. The description of the road is void for uncertainty. 50 Minn. 558; 52 N. W. 961; 161 Mo. 513; 62 S. W. 462.

5. No authority to "widen" roads is conferred. The term "changes" refers to relocation of old roads and not to widening. 40 Atl. 938; 2 *Id.* 771; 8 Pa. St. 381; 5 Watts & S. 200; 55 Atl. 938; 110 Pac. 853.

6. *Certiorari* is the proper remedy. 15 Ark. 213; 29 *Id.* 173; Kirby's Digest, § § 1315-16. The county court clearly exceeded its jurisdiction and there was no right of appeal. 68 Ark. 205, 209.

*Ponder, Gibson & Ponder,* for appellees.

1. The act is constitutional. Art. 7, § 28, Const.; 83 Ark. 236; 102 *Id.* 558. No notice is necessary where the Legislature or tribunal to whom power is given appropriates property to public use. Elliott Roads & Streets, § 200; 2 Lewis on Em. Dom., § 366; 21 N. Y. Ct. of App. 595; 65 Kan. 603; 70 Pac. 605; 5 Del. Ch. 524; 23 Ill. 202; 35 Miss. 17; 53 N. Y. 60; 22 L. R. A. (N. S.) 64 *et seq.* § 13, etc; 84 Atl. 727; 41 L. R. A. (N. S.) 1024, 1028.

2. The owner of land has right to a judicial hearing where land is taken for a public use. 130 Ind. 104; 29 N. E. 567; 16 L. R. A. 186; 79 Atl. 463; 52 S. E. 240; 36 Pac. 527; 51 S. E 485; 9 R C. L., § 448.

3. The act provides a tribunal to hear his case within a reasonable time and give the right of appeal. This implies notice. 65 Kan. 603; 70 Pac. 605. See also, 5 Del. Chy. 524; 23 Ill. 202. Here actual notice was given and the owner was not deprived of any constitutional right. 151 U. S. 137; 2 L. R. A. 313; 52 S. E. 240; Elliott, Roads & St., § 198; Randolph, Em. Dom., § 338; 24 N. J. L. 662; 36 *Id.* 499; 5 Oh. St. 140; 2 Mich. 427; 75 Md. 94; 61 Ill. 52; Lewis, Em. Dom., § 368. Statutes are valid if no provision is made for notice, but actual notice is given.

4. Authority is given to widen the road in the authority to change. 126 Ark. 318. No prejudice is shown and appellants had an adequate remedy by appeal. The petition for certiorari was properly dismissed.

5. "Damages" includes compensation. 43 S. W. 786; 22 So. 629; 167 U. S. 548; 17 Kans. 58.

6. The act applies to Lawrence County. It is not limited to counties voting the road tax under Amendment

No. 5.  By the act of 1917, Acts 1917, p. 1647, the action of the court of Lawrence County was validated.

7.  The description of the road is not void for uncertainty.  No ambiguity or uncertainty appears in the act as the beginning and ending points are definitely described.

8.  Authority is given to "widen" the road. 20 N. W. 401.

9.  *Certiorari* does not lie as appellants had the right to appeal. 89 Ark. 604.  On the whole case the act is constitutional and valid and applies to Lawrence County.  The court had jurisdiction and the act was complied with.  No illegality is shown and the petition was properly denied.

McCULLOCH, C. J.  Appellants are the owners of improved farm lands abutting on a certain public road in Lawrence County, and they brought up to the circuit court on *certiorari* for review an order of the county court of that county widening the said public road, which, of course, involved the taking of an additional strip of lands under private ownership.  The circuit court denied the relief, and an appeal to this court has been prosecuted from the judgment of the circuit court.

The contention of counsel for appellants is that the order of the county court is void on its face for lack of jurisdiction in that it does not affirmatively appear that notice of the proceedings was given to owners of lands to be taken under the order of the court for the purpose of widening the road.  On the other hand, it is contended by counsel for appellees that under the statute under which the proceedings were conducted notice was not required and that the statute in that respect is valid.  The statute, pursuant to which the county court proceeded, reads as follows:

" "Section 1.  The county court shall have power to open new roads, to make such changes in old roads as they may deem necessary and proper, and to classify the roads and bridges in their respective counties for the purpose

of this act, and when the changes shall be made or any new road opened, the same shall be located on section lines as nearly as may be, taking into consideration the convenience of the public travel, and first class roads hereafter established or opened shall not be less than fifty feet wide and an appropriate order of the county court shall be made and entered of record therefor. If the owner of the land over which any road shall hereafter be so laid out by the court shall refuse to give a right-of-way therefor, or to agree upon the damages therefor, then such owner shall have the right to present his claim to the county court duly verified for such damages as he may claim by reason of said road being laid out on his land and if he is not satisfied with the amount allowed him by the court he shall have the right of appeal as now provided by law from judgments of the county court; provided, however, no claim shall be presented for such damages after twelve months from the date of the order laying out or changing any road; provided, further, that when such order is made and entered of record laying out or changing any road the county court or the judge thereof shall have the right to enter upon the lands of such owner and proceed with the construction of such road. Provided further, all damages allowed under this act shall be paid out of any fund appropriated for roads and bridges and, if none such, then to be paid out of the general revenue fund of the county." Acts 1911, p. 364.

This statute amended section 7328 of Kirby's Digest, which was a section of the Act of May 8, 1899 (Acts 1899, p. 347), providing the method and procedure for working public roads where a road tax had been voted and levied pursuant to the terms of Amendment No. 3 of the Constitution. The last two sections of the Act of 1899, *supra,* provide, in substance, that the statute should be in effect or "adopted" when the road tax has been voted and levied, and that the statute should not be construed to repeal any other law on the subject.

There were and are other statutes of the State on the subject of eminent domain containing numerous provisions with respect to the method of opening or changing the routes of public roads, and those statutes provide in substance for such orders to be made upon published notice and the appointment of viewers to determine the necessity for opening or changing the road. Kirby's Digest, § 2993, *et seq.*

The contention of counsel for appellant is that the act of 1911 only applies to counties in which the road tax has been voted and levied, and also that when applicable in those counties it must be read in connection with the other statutes on the subject so as to require notice of the proceedings. For reasons hereafter given we do not find it necessary to determine the effect of the act of 1911 upon other existing statutes on that subject so far as concerns the amendment or repeal of those statutes. If the statutes authorizing the county court, without notice, to order the taking of property for use as public roads is valid, we are of the opinion that the particular order now under review is not open to attack. In other words, if it is competent for the Legislature to authorize condemnation by order of the county court without notice to interested land owners, and even if the statute be construed to apply only to counties in which the road tax has been voted and levied, our conclusion is that the order of the county court in this instance is not void because of the omission of affirmative recitals to the effect that the road tax had been voted and levied in that case. We have held that, under the other condemnation statute providing for notice in proceedings to condemn for public roads, the giving of notice is essential to the exercise of jurisdiction by the county court. *Howard* v. *State,* 47 Ark. 431; *Lonoke County* v. *Carl Lee,* 98 Ark. 345. But it would be a different thing to hold that an affirmative recital of the notice and levy of road tax is essential to the validity of an order establishing or changing a road pursuant to the terms of the act of 1911, *supra,* for, even if that statute

only applies where the road tax has been voted and levied, the county court in making the condemnation order takes notice of its own record concerning the voting and levying of the tax, and it is, therefore, unnecessary to recite those facts in the order of condemnation. The jurisdictional facts will be presumed at least on collateral attack. Moreover, the General Assembly of 1917 enacted a special statute (Acts of 1917, p. 1647, of which we take judicial notice, of course) validating the levying of the road tax in Lawrence and certain other counties, and we take that as a legislative ascertainment and determination that the tax had been voted and should accept that determination. The necessary effect of that statute was to bring that county under the operation of the law regulating road working in counties where the road tax has been voted and levied.

The act of 1911 can not be construed to operate in connection with the other statutes on the subject so as to require notice, and the other methods of procedure prescribed in the other statutes. It operates as a repeal of existing statutes to that extent, at least. This is so because the act of 1911 is an independent one on its face and confers authority therein recited without reference to any other law on the subject. In other words, the statute is complete in itself, and, to the extent of its application, provides a complete method of procedure for opening and changing public roads. It also contains other provisions which are inconsistent with other laws on the subject and which prevent it being construed as a part of the other statutes. For instance, it gives the right to the property owner within twelve months to present his claim for damages for the taking of his property. This is inconsistent with the provisions of other statutes to the effect that the viewers assess the damages and report the same to the county court and the judgment of the county court is conclusive, unless appealed from.

Our construction of this statute is that it authorizes the county court, independently of the provisions of

other statutes with respect to notice and other things, to make an order directing the opening and changing of public roads, and we are squarely confronted with the question whether or not the failure to provide for notice is fatal to the validity of the statute. That question is not entirely free from doubt, and there is some conflict in the adjudged cases, and also in the text writers on this subject.

In Cooley on Constitutional Limitations (7 ed., p. 777) and in Elliott on Roads & Streets (Vol. 1 sec. 224, 3 ed.) the rule is unqualifiedly stated to be that the power of eminent domain is an inherent power of a sovereign State and may be exercised as a political power without notice to interested land owners. On the other hand, the rule is stated just to the contrary in Lewis on Eminent Domain (Vol. 2, sec. 565, 3 ed). In fact, Mr. Lewis makes the statement that the great weight of authority is against the validity of a statute authorizing the taking of property for public use without notice to the property owners. That statement of the author is, we think, erroneous, for the manifest weight of authority is the other way and sustains the validity of such statute. The correct rule is, we think, laid down in Cooley on Limitations as follows:

"The authority to determine in any case whether it is needful to permit the exercise of this power must rest with the State itself; and the question is always one of strictly political character, not requiring any hearing upon the facts of any judicial determination. * * * But parties interested have no constitutional right to be heard upon the question, unless the State Constitution clearly and expressly recognizes and provides for it. On general principles, the final decision rests with the legislative department of the State; and if the question is referred to any tribunal for trial, the reference and the opportunity for being heard are matters of favor and not of right. The State is not under any obligation to make provision for a judicial contest upon that question."

Our decisions commit us in a measure to that rule, for it has been decided in many of our cases that a statute giving public utility corporations the right of condemnation does not contemplate a trial of the issue of the right to condemn, and that those statutes are valid. It was held that the right to raise an issue concerning the necessity and propriety of the condemnation could only be asserted in a court of equity on a charge of fraudulent attempt to condemn private property for private use under the guise of a public use. *Neimeyer & Darragh* v. *Little Rock Junction Ry.*, 43 Ark. 120; *Mountain Park Terminal Railway Co.* v. *Field*, 76 Ark. 239.

The cases on this subject are collated in a note (p. 64) to the case of *Henderson* v. *Lexington,* 22 L. R. A. (N. S.) 22, and there appears a clear preponderance of the weight of authority in favor of the rule that necessity for condemnation for strictly public use is a political question to be exercised by the law makers, and that a hearing upon the question of necessity is not essential to the validity of the proceedings. The only provision is our Constitution on that subject is that which declares that "private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." Art. II, Sec. 22. There is no requirement in the Constitution with respect to taking property for strictly public use that there shall be a hearing on the question of necessity or that notice of the taking must be given. This question is thoroughly and very learnedly discussed by Justice Vann in delivering the opinion of the New York Court of Appeals in the case of *People* v. *Adirondack Railway Company* (160 N. Y. 225), and the opinion leaves little to be said. In that case the court dealt with a statute of the State of New York which created the Adirondack Park preserve and authorized the park commissioners to take possession of any land within that territory deemed to the interest of the State and to condemn the same for public use without notice, there being a provision for hearing in the court of claims solely as to amount of the compensation, and it was decided

that the latter provision satisfied all constitutional requirements. The learned justice in disposing of the matter said:

"The power of taxation, the police power and the power of eminent domain, underlie the Constitution and rest upon necessity, because there can be no effective government without them. They are not conferred by the Constitution, but exist because the State exists, and they are essential to its existence. They are not rights reserved, but rights inherent in the State as sovereign. While they may be limited and regulated by the Constitution, they exist independently of it as a necessary attribute of sovereignty. They belong to the State because it is sovereign, and they are a necessity of government. The State can not surrender them, because it can not surrender a sovereign power. It can not be a State without them. They are as enduring and indestructible as the State itself. Each is a peculiar power, wholly independent of the other, and not one of them requires the intervention of a court for effective action by the State. In the case of eminent domain, when the State is not itself an actor, compensation for property taken, unless the amount is agreed upon, can be ascertained only through the aid of a court, but otherwise judicial action is unnecessary except as provided by statute."

Speaking to the particular question of necessity for notice the court said: "The State needs the property and takes it, and while the citizen can not resist, he has the right to insist upon just compensation to be ascertained by an impartial tribunal. It is a compulsory purchase by public authority, and the individual receives money in the place of the property taken. He has a right to his day in court on the question of compensation, but he has no right to a day in court on the question of appropriation by the State unless some statute requires it."

Among other leading cases on the subject, are the following: *Buckwalter* v. *School District*, 65 Kans. 603; *Appleton* v. *Newton*, 178 Mass. 276; *Board of Commis-*

*sioners* v. *Johnson,* 86 Conn. 151, 41 L. R. A. (N. S.) 1024; *Zimmerman* v. *Canfield,* 42 Ohio St. 463.

No better summary of the law on this subject and the state of authorities with reference thereto can be found than that of Mr. Elliott (Vol. 1, sec. 224) in the following: "The Legislature may decide the question of the necessity of appropriating the land, and need not submit that question to any tribunal. It follows from this that while the Legislature may submit this question to inferior tribunals and may require notice, they are not bound to provide for notice on this question, although they are bound to provide for notice on the question of compensation. There is, therefore, a clear distinction between cases involving the right to compensation and cases where the question of necessity is at issue. The rule which applies to the one class of cases can not, with reason, be applied to the other. Losing sight of this distinction some of the courts in their reasoning have become confused, and have erroneously intimated that as notice is not necessary in the one class of cases it is not in the other. It is, however, held in most of the cases which have given the subject careful consideration that a statute will be valid which determines without any intervention the question of the necessity for the appropriation, or submits it, without providing for notice, to an inferior tribunal, but that a statute which undertakes to determine the question of compensation or to submit it to commissioners or appraisers, without providing for notice, is unconstitutional."

The statute under consideration meets every constitutional requirement. It authorizes the county court to determine without notice the necessity for taking lands for public use, but contains ample provisions concerning notice and hearing upon the question of compensation, or damage, which mean the same thing in that connection. There is no provision for formal notice, but the order itself and the taking of the property thereunder are in the very nature of things acts of such publicity as to constitute notice, and the property owner is given twelve

months within which to apply to the county court for an allowance of compensation, and the hearing is then given on that question.

Of course, all that has been said in this opinion has reference solely to condemnation for strictly public uses in its broadest sense, and has no reference to condemnation for the benefit of private corporations exercising a public or *quasi*-public function.

It follows, therefore, that the order of the county court was valid, and that the decision of the circuit court in refusing to quash it on certiorari was correct.

Judgment affirmed.

HART and SMITH, JJ., dissent for the reason that act of 1911 does not apply, they think, independently of prior statutes, to condemnations in counties where road tax has been voted and does not operate as a repeal of those statutes to that extent, and that the condemnation order of the county court was void for want of notice.