CASEY *v.* DOUGLAS.

Opinion delivered July 11, 1927.

1. HIGHWAYS—ESTABLISHMENT OF NEW ROADS.—Acts 1923, p. 490, amending Crawford & Moses' Dig., § 5249, as to the mode of establishing new roads, expressly excepted Benton County, thereby leaving § 5249 in force in that county.

2. HIGHWAYS—ESTABLISHMENT—TAKING PROPERTY WITHOUT COMPENSATION.—In the establishment of new roads under Crawford & Moses' Dig., § 5249, county courts cannot disregard any applicable provision of the Constitution, including the provision against the taking of property without compensation, or the provisions of Amendment 11.

3. HIGHWAYS—ESTABLISHMENT—AUTHORITY OF CIRCUIT COURT ON APPEAL.—In a proceeding to establish a new road, under Crawford & Moses' Dig., § 5249, the circuit court on appeal can exercise no greater power or authority than was within the jurisdiction of the county court.

4. HIGHWAYS—ESTABLISHMENT OF NEW ROAD—VALIDITY.—A judgment of the circuit court on appeal in a proceeding to establish a new road which materially changed the route adopted by the county court and made the location dependent on many contingencies as to procuring the right-of-way, payment of damages by certain individuals, release from others, and always upon the existence of sufficient funds in the county treasury, *held* erroneous, since the order establishing the road should be definite and not contingent upon conditions that may not be met or performed for a long or indefinite time or not at all.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

A. S. Casey and thirteen others filed their petition in the Benton County Court, praying the court to lay out and establish a county road as follows:

"Beginning at Healing Springs and running westerly on and along the right-of-way of the Kansas City & Memphis Railway to the town of Highfill, Arkansas."

On December 27, 1924, the court made an order establishing the road as prayed for, thirty feet in width, and ordered that certain stock-ways or crossings be built at three of the farms through which the road ran, naming the owners. J. M. Douglas et al., on February 5, 1925, filed an affidavit and bond for appeal in the circuit court, which was granted by the county court on the 3d day of March, 1925.

The remonstrants filed an answer, denying the necessity for the road, showing another road already existing which would take care of the public need for the highway, and that their proposal could not be established without great public expense, and that certain portions of it extended into townships whose road funds were already being exhausted, and that the road established could not be paid for.

Demurrer was filed to this answer, and then the petitioners filed the response, denying the allegations of it.

It seems that two appeals were taken from the county court, and that, at the March term of the circuit court, the appeals were consolidated by consent of the parties, and, after a motion made to dismiss the appeal of J. M. Douglas et al., to which a reply was filed, the circuit court, December 31, 1925, made final order providing for the opening of the road, changing the route very materially from the location by the county court on the end of the road coming into the town of Highfill.

Various propositions of citizens for contributions toward the construction of the road and procuring the right-of-way necessary for the road as changed were accepted in the circuit court judgment, and orders made for the completion of the improvement when it could be

done with funds collected and realized in some of the different road districts through which the proposed road was laid out.

Appellant's attorneys say of this judgment: "The circuit court in this case has laid out and established a road that no one asked for. To permit this would be to allow the circuit court to lay out and establish roads without any citizen asking for it."

From the judgment of the circuit court the appeal has been prosecuted to this court.

John Nance and W. O. Young, for appellant.

Sam Beasley and McGill & McGill, for appellee.

KIRBY, J., (after stating the facts). This road was attempted to be laid out under the provisions of § 5249 Crawford & Moses' Digest, which has been held to be constitutional, and to provide an independent method of authorizing the laying out and establishment of roads without giving notice, appointment of viewers, etc. Sloan v. Lawrence County, 134 Ark. 121, 203 S. W. 260; McMahan v. Ruble, 135 Ark. 83, 204 S. W. 746. This statute has been amended by act No. 611 of the Acts of 1923, approved March 23, 1923, which was in force when this proceeding was begun. The amending statute included all that part of the old statute that was to become the law under the amendment, but from its provisions were expressly excepted Benton and other counties of the State, which necessarily had effect, according to the majority opinion, to leave the law, so far as relates to Benton and the other counties excepted from the terms of the amending statute as provided in said § 5249, and as though no amendment to said section had been made, since it is expressly provided that such amendment shall not relate to the excepted counties.

The county courts, when establishing new roads or laying out old roads under the authority of said § 5249, cannot ignore any of the applicable provisions of the Constitution, and, in exercising the power conferred upon it by that statute, cannot disregard the constitutional pro-

vision that "private property shall not be taken, appropriated or damaged for public use without compensation therefor," nor disregard the mandates of Amendment No. 11, but must exercise its authority in conformity with both the said provisions of the Constitution as interpreted by this court. *Independence County* v. *Lester, post,* p. 796.

The circuit court on appeal could exercise, of course, no greater power or authority than was within the jurisdiction of the county court, and, in making its order, not only departed materially from the route proposed and established by the lower court, but made the location of the new road dependent upon many contingencies as to procuring right-of-way and payment of damages by certain individuals, releases from others and always upon proposition that the road as laid out should not be constructed unless and until there should be funds enough on hand in the county treasury to pay for all damages for right-of-way taken for the purpose. It could not have been made a valid order establishing the road that would have authorized the taking the lands of any owners required therefor without compensation first paid, as held in *Independence County* v. *Lester, post,* p. 796.

New roads are to be laid out and established only when the public convenience, as shown under the forms of law provided therefor, requires it shall be done, and, when such necessity is shown to exist, then the order should be made laying out and establishing the road definitely, and not contingent upon conditions that may not be met or performed for a long or indefinite time, nor at all.

More contingencies are recognized and attempted to be provided against in the order of the circuit court laying out the road and changing the route materially from that adopted by the county court than will permit the establishment of the new road with that degree of certainty required by law, and its judgment is reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.