JOHNSON *v.* WASHINGTON COUNTY.

Opinion delivered September 30, 1929.

*R. J. Wilson, John Mayes* and *Karl Greenhaw,* for appellant.

SMITH, J. This appeal is from a judgment of the circuit court, denying appellant's claim for damages to a tract of land which was owned by a man named Davis at the time an order of condemnation was made laying out a public road across the land.

Davis delivered to appellant a deed to the land and an assignment in writing of the claim for damages, and both instruments were filed for record on the same day and within less than one year of the date of the order of condemnation by the county court. The claim was disallowed by the county court, and by the circuit court on the appeal to that court, and the judgment of the circuit court appears to have been based upon the finding of fact, recited in the judgment, that appellant "purchased the land after having full knowledge that the county court had made the change in said road, and his assignment of the alleged cause of action was made some months after the title had passed from his grantor."

If it were material to determine whether the assignment of the claim for damages had been made at a date subsequent to the delivery of the deed, this question of fact should have been submitted to the jury, as the testimony was conflicting on this question. The circuit court, however, withdrew the case from the jury and made this

finding of fact, which was error, for the reason that the question is one for the jury.

The testimony on the part of the appellant was to the effect that he refused to accept the deed until the claim for damages had been assigned, and that there was a simultaneous delivery of these instruments, and that both were filed for record on the same day.

However, we regard this question of fact as immaterial, for, if it be said that the deed did not operate to convey and assign the cause of action (which we do not decide), the cause of action was assignable (§ 6303, C. & M. Digest), and the assignment was made within less than one year of the date of the order of the county court condemning the land, and the claim for damages based on the assignment was also filed with the county court for allowance within less than a year of that date.

The order of the county court appears to have been based upon the act construed in the case of *Sloan* v. *Lawrence County*, 134 Ark. 121, 203 S. W. 260, which appears as § 5249, C. & M. Digest. Under this section the landowner whose land is taken or damaged by the order of the county court has twelve months within which to file a claim. Appellant became the owner of the land and of the cause of action for its damage within twelve months of the date of the order of the county court, and, as it is alleged, and appears not to be denied, that his predecessor in title received no compensation, he is entitled to demand the compensation to which his grantor would have been entitled had the land not been sold. If therefore the right to sue for the damage to the land did not arise from the acquisition of the title thereto under the deed, it was given by the assignment of that cause of action, and, as the claim was filed within the time limited by the statute, it should have been heard on its merits.

The judgment will therefore be reversed, and the cause remanded, with directions to assess such damages in appellant's favor as the law and the testimony require.