RAINES *v.* BOLICK.

Dissenting opinion delivered July 13, 1931.

For opinion of the majority of the court, see 183 Ark. 832.

MEHAFFY, J., (dissenting). I do not agree with the majority that act 126 of the Acts of 1923 is a general law. I think it is a local law.

The courts have generally held that a law is general, not because it embraces all the governed, but that it may, from its terms, when many are embraced in its provisions, embrace all others when they occupy like positions to those who are embraced. Such a law must be based upon some substantial difference between the situation

of a class or classes and another class or classes to which it does not apply.

The constitutional provision prohibiting local legislation reads as follows: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts." Amendment No. 12.

By this constitutional provision the Legislature is prohibited from passing any local act, except it may repeal a local act.

This court held that the power to repeal, given by this amendment, carries with it the power to repeal the original act in part. Therefore, if act 126 of the Acts of 1923 is a local act, the Legislature had the authority, under the decisions of this court, to repeal this act or any part of it. All agree that act 231 is a local act, which the Legislature would have had no authority to pass unless it repeals in whole or part act 126 of 1923, which it could not do unless act 126 is a local act.

This court has frequently held that in determining whether a statute is general or local the form of the statute does not control, and a statute in the form of a general act would be a special act if it could only apply to one city or town. *McLaughlin* v. *Ford,* 168 Ark. 1108, 273 S. W. 707.

This court has also held that, while proper classification is allowable, such classification must not be arbitrary. Act 126 of 1923 expressly provides in § 24: "This act shall be operative only in counties with a population exceeding 75,000 inhabitants as shown by the last Federal census."

The act also provides that the last Federal census shall mean the most recent Federal census taken prior to the filing of the petition for the formation of the improvement district.

This act was passed in 1923, and the last Federal census taken at that time and also at the time the Mabelvale District was formed, shows that Pulaski County is the only county in the State having a population exceed-

ing 75,000. By the Federal census taken in 1920 Pulaski County had approximately 109,000 inhabitants. There are 75 counties in the State and in 1920 there were only four or five counties that had one-half of the required population, 75,000. Ten years later the report shows that there were only eight counties, outside of Pulaski County, that had one-half the required population, and some of these counties had fewer inhabitants in 1930 than they had in 1920.

I do not think it is a reasonable classification because in 40 or 50 years there might be other counties that would come within the provisions of this act. It is wholly unreasonable to suppose that one-fourth of the counties will have the required population in the next 40 years, and in determining whether it is a local or general act, the things above mentioned, I think, should be considered. I think it is manifest that there was no intention that this act should ever apply to more than a few counties, and it is certain that it could only apply to Pulaski County for 15 or 20 years. It therefore seems to me that there can be no question about act 126 being a local law.

This court has held that when the Legislature passes an act leaving out two counties the act is local because it can never apply to the two counties left out, and this court holds in this case that, although leaving out two counties makes the act local, leaving out 74 counties does not make it local. If leaving out two counties makes an act local, how can it be said that an act is general when it never could apply to half the counties in the State?

This court said in a very recent case: ''The effect of excepting from the provisions and operation of the act the Gosnell Special School District and the counties of Faulkner and Sharp was to leave the law applicable only to the remainder of the State not so excepted and the law as to the excepted territory unchanged, as though act 149 of 1929 had not been enacted.'' *Casey* v. *Douglass,* 173 Ark. 641, 296 S. W. 705. ''The exclusion of a single county from the operation of the law makes it

local, and it cannot be both a general and a local statute." *Webb* v. *Adams*, 180 Ark. 713, 23 S. W. (2d) 617.

Nothing can be more certain than that act 126 of 1923 left out more than one-half of the counties, and if leaving out one county makes it local, leaving out more than half the counties, to which it never could apply, certainly makes it local.

This court held that an act was unconstitutional and void because it applied only to Mississippi County, and the court quoted with approval the following: "If its operation and effect must necessarily be special, the act is special, whatever may be its form." *Ark-Ash Lumber Co.* v. *Pride & Fairley*, 162 Ark. 235, 258 S. W. 235.

There are statements in some of our cases to the effect that in no other way could certain counties or cities and towns be given relief except by such legislation as act 126 of 1923. That may have been true at one time, but our Constitution not only provides that the Legislature shall not pass any local act, but it also expressly provides in Amendment No. 7 for municipalities and counties to pass local and special legislation of every character.

There is no longer any reason for the Legislature to pass local acts. The Constitution says that the municipalities and counties may pass all kinds of local acts.

It was certainly known when act 126 was passed that it could only apply to Pulaski County, and it was just as certain that it never could apply to a majority of the counties. It was therefore intended as a local act, although it was general in form.

As to whether act 231 of the Acts of 1931 repealed in part the provisions of act 126 is a more doubtful question. The Constitution authorizes the Legislature to repeal a special act, and this court held in *Gregory* v. *Cockrell*, 179 Ark. 719, 18 S. W. (2d) 362, that under this provision of the Constitution the Legislature could repeal a local act or it could repeal any part of it.

I think act 231 of 1931, under the decision of *Gregory v. Cockrell*, repealed that portion of act 126 of 1923 that authorized the creation of the Mabelvale Road District, and I therefore think the case should be affirmed. ·