DOWDLE *v.* RANEY, COUNTY JUDGE.

4-6188                                                              147 S. W. 2d 42

Opinion delivered February 3, 1941.

*Roy D. Campbell,* for appellant.

HUMPHREYS, J.   On September 13, 1938, an order was made and entered of record by the county judge of Woodruff county opening a strip of land eight and one-

half miles long through certain lands (particularly describing them) in said county on the petition of J. W. Browning and about ninety other persons. An order was also entered appointing J. W. Browning, Edward Woods and E. E. Werner to assess damages done by the easement to the land holders. On September 22, 1938, damages were fixed by the appraisers or viewers in favor of the landowners whose lands were proposed to be taken at one and one-half times the valuation of the lands as shown by the tax books per acre. The appraisers or viewers also fixed the center of the proposed road running through the lands of appellants.

On September 26, 1938, appellants on petition were made parties to the proceedings and prayed and were granted an appeal to the circuit court of said county.

The record reflects that the county court made another order opening a strip one and one-half miles long through the same lands as follows: "On this 22d day of September, 1938, it is by the court ordered that the recommendation of the commission be accepted and adopted by the court, and it is by the court ordered and adjudged that said highway 60 feet in width and the lands necessary to open the highway to that width on the center line specifically described in the resolution be and the same is hereby declared to be a public highway 60 feet in width and the lands necessary to open the highway to that width on each side of the center line 30 feet making a road sixty feet in width beginning at the state highway running from McCrory to Beedeville at a point where said road curves north from the section line between sections 22 and 27 in township 8 north, range 2 west, in Garnes township and running east from said point of beginning between sections 23 and 26 in beginning of lateral ditch of Bayou De View Drainage District No. 1 where said road shall jog to the south side of said ditch, thence along said ditch to west section line of section 25.

"Any landowner affected by this order shall file a claim properly verified, in the office of the county clerk, and he shall be allowed for an acre or fractional part of

·an acre the sum of one and one-half times the assessed value of the lands as shown on the tax books in Woodruff county. Construction to begin at once.

"The county clerk is ordered and directed to spread this order on the county court records and the resolution of the county highway commission is incorporated herein as a part of this order."

Appellants were also made parties to the petition in that proceeding and prayed and were granted an appeal to the circuit court.

Motions were then made by appellants to cancel the orders of the county judge upon the ground that they were invalid for a number of reasons, and the court overruled the motions over the objections and exceptions of appellants.

The cause or causes were then tried by the circuit court, resulting in the rendition of the following judgment:

"On this 30th day of March, 1940, this cause comes on to be heard on the appeal of Mrs. Daisy Dowdle, Frank Powell and Andrew Comer from an order of the Woodruff county court made September 22, 1938.

"This cause is heard from the entire file sent up from the county court and all the evidence and exhibits; the appeal being taken in the time and manner required by law; from all of which the court finds: That the order of the county court made on September 22, 1938, should be modified and the public road described in said county court order is hereby declared to be a public road, but the other parts of the order are declared invalid." Then follows a description of the road as set out in the order of the county court.

"Any landowner affected by this order shall file his claim properly verified in the office of the county clerk. As the claims of landowners are affected by this order a certified copy of the same shall be delivered by the clerk of this court to the clerk of the lower court and shall be spread on the records of that court. The costs of this proceeding are adjudged against the respondents therein."

From the judgment an appeal has been duly prosecuted to this court.

The proceedings in the county court for opening the proposed road were had and done under § 6968 of Pope's Digest which is as follows:

"The county court shall have power to open new roads, to make changes in old roads as they may deem necessary and proper; the same shall be located on section lines as nearly as may be, taking into consideration the convenience of the public travel.

"If the owner of the land shall refuse to give a right-of-way or to agree upon the damages therefor, then such owner shall have the right to present his claim to the county court duly verified for such damages.

"All damages allowed under this act shall be paid out of any funds appropriated for roads and bridges, and if none such, then to be paid out of the general revenue fund of the county."

The constitutionality of this act was upheld by this court in the cases of *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260, and *McMahan* v. *Ruble,* 135 Ark. 83, 204 S. W. 746. In both cases it was held that landowners should have notice and an opportunity to be heard as to the value of the land taken from them.

In the instant case an attempt was made by the county court to appropriate the lands in question by allowing the property owners damages in the sum of one and one-half times the assessed value of the lands. This was an arbitrary allowance contrary to § 6968 of Pope's Digest. By reference to the judgment of the circuit court heretofore set out it will be observed that the cause was heard upon the file sent up from the county court and all the evidence and exhibits introduced in the trial in the circuit court, from which the court found and declared the lands proposed to be taken under the order of September 22, 1938, to be a public road and further declared that the other parts of the order of the county court were invalid and then provided in the judgment the landowners might file and present their claims for damages duly verified to the county clerk.

In other words, as we understand the judgment rendered in the circuit court, it adopted the proposed road provided for in the order of the county court, but declared the provision in the county court order that the property owners should have as damages one and one-half times the assessed value of the lands as shown on the tax books in Woodruff county to be void.

The record in this case reflects that much evidence was introduced upon the issue of whether or not the proposed road was necessary, and the evidence upon this point was in sharp conflict. But evidence which is undisputed was introduced to the effect that there was no money available at the time the orders were made with which to pay damages to the landowners. The evidence showed that there was a total deficit in all the road fund amounting to $25,217.48, and a net deficit in the general revenue fund amounting to $26,404.32. The undisputed evidence shows that if the landowners permitted their lands to be taken under the orders of the county court or under the judgment of the circuit court they could not hope to recover any damages on their claims, if filed and presented, for about two or three years and maybe not then.

Facts in the instant case show that allowance of any claim for damages would necessarily increase the county's indebtedness beyond what it was at the beginning of the year, and therefore violate amendment No. 10.

In the case of *Casey* v. *Douglas*, 173 Ark. 641, 296 S. W. 705, this court said: ''The county courts, when establishing new roads or laying out old roads under the authority of said § 5249 (§ 6968 of Pope's Digest) cannot ignore any of the applicable provisions of the constitution, and, in exercising the power conferred upon it by that statute, cannot disregard the constitutional provision that 'private property shall not be taken, appropriated or damaged for public use without compensation therefor,' nor disregard the mandates of amendment No. 11, but must exercise its authority in conformity with both the said provisions of the constitution as interpreted by this court.''

It was also said by this court in the case of *Independence County* v. *Lester,* 173 Ark., at p. 796, 293 S. W. 743: "The appellee is not concerned as to what governmental agency exercises the power of eminent domain, nor as to the particular fund out of which he is to be paid; his only concern here is, that he shall receive compensation; he is entitled to it. If the county courts cannot manage their financial affairs so as to provide compensation for damages to landowners for their lands taken for public use, then, in such case, these courts are powerless to condemn the land."

This is a direct appeal from judgments of the county and circuit courts attempting to condemn and take lands of appellants for public purposes in the face of the undisputed evidence that there is no money and will not be for a number of years in any fund of the county of Woodruff with which to pay them for the lands or damages they might sustain by reason of taking the lands. It is an attempt to override the constitution of this state which provides that private property shall not be taken for public use without compensation.

The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to cancel the county court orders.