ARKANSAS STATE HIGHWAY COMMISSION *v.* HAMMOCK, CHANCELLOR.

4-6323 148 S. W. 2d 324

Opinion delivered February 17, 1941.

*Herrn Northcutt,* for appellant.

*Thos. Compere,* for appellee.

GRIFFIN SMITH, C. J. Lands belonging to H. E. Cockerham, J. W. Brown, and A. J. Gregory were condemned for highway purposes August 5, 1940, by order of the Ashley county court. The state highway commission was petitioner.[1] Other lands not involved in this controversy were included in the judgment of condemnation.

October 24, 1940, Cockerham, Brown, and Gregory presented separate claims for compensation. The county court order in each case is: "Disallowed for reason of insufficient funds from any and all sources with which to pay said claims."

Claimants applied to chancery court. Injunctions were issued November 18. Prayers of the complaints were that Ashley county "or any person" be restrained from entering the property.

The highway commission has asked this court to prohibit the chancery court from issuing any order interfering with the rights it claims to have under the county court judgment.

Three propositions are presented. First, it is insisted the decree is void because the highway commission, being (as it is alleged) a necessary party, was not served with process. Second. It is urged that the county

---

[1] Section 55 of act 65, approved February 28, 1929, and act 422, approved May 31, 1911, as amended by act 611, approved March 23, 1923. Pope's Digest, §§ 6905 and 6968.

court judgment is not subject to review by the chancery court. Third. It is urged that the decree is in response to a collateral attack on the judgment of the county court, and since error does not appear on the face of the record, the chancellor was without power to enjoin.

*First.*—We do not think act 147, approved February 17, 1859,[2] is applicable. In *Sloan* v. *Lawrence County*, 134 Ark. 121, 203 S. W. 260, it was held that act 422 of 1911 was constitutional; that the power of eminent domain may be exercised by the state without notice to the interested landowner, and that in condemning property for highway purposes a hearing upon the question of necessity is not essential.[3] The holding was reaffirmed in *Crawford County* v. *Simmons*, 175 Ark. 1051, 1 S. W. 2d 561. Effect of these opinions is to say that the action to condemn is a proceeding in *rem*. In this view of the case the chancery court of the county in which the property was had jurisdiction to restrain all persons from trespassing upon or appropriating it.

*Second.*—Petitioner concedes that the chancery court had jurisdiction of the subject-matter, but thinks that in the absence of error on the face of the record in county court remedy of the landowners was by appeal to circuit court, and that in the special circumstances shown the chancery court was without power to issue

---

[2] Pope's Digest, § 8194, provides: "All judgments, orders, sentences, and decrees made, rendered or pronounced by any of the courts of the state against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences or decrees, shall be absolutely null and void."

[3] Section 55 of act 65 of 1929, copied from § 69 of act 5, approved October 10, 1923 (Pope's Digest, § 6905), directs how the highway commission shall proceed in changing or widening any state highway. There is reference to § 5249 of Crawford & Moses' Digest. (The Crawford & Moses' section is act 422, approved May 31, 1911, p. 364.) Act 422 of 1911 was amended by act 611, approved March 23, 1923. Forty-six counties were excluded from its provisions. In *Casey* v. *Douglas*, 173 Ark. 641, 296 S. W. 705, the amendment of 1923 is referred to as follows: "The amending statute included all that part of the old statute that was to become the law under the amendment, but from its provisions were expressly excepted Benton and other counties of the state, which necessarily had effect, according to the majority opinion, to leave the law, so far as relates to Benton and the other counties excepted from the terms of the amending statute as provided in § 5249, and as though no amendment to said section had been made, since it is expressly provided that such amendment shall not relate to the excepted counties." [Ashley county was not excepted.]

the order. This was decided adversely to petitioner's contentions in *Independence County* v. *Lester*, 173 Ark. 796, 293 S. W. 743.

*Third.*—It is finally argued that the injunction is predicated upon a collateral attack on the judgment of the county court. We do not agree that it was. We think, however, that the decree goes beyond what the court intended. Apparently it holds that the county court judgment was void. This case is distinguishable from *Independence County* v. *Lester*. There it was said:

"Under the facts of the record it appears that the county court has condemned appellee's land and is proceeding to appropriate same for a state highway without providing any compensation to appellee for damages, and it appears that the county court claims that it has no authority to make such compensation [because revenues were exhausted]. If so, as already stated, it had no power to condemn, and its order to that effect is absolutely void. Therefore it is obvious that the county court and all those who claim to be acting under authority of such order, in appropriating and using appellee's land for a highway, are doing so without any right whatever."

In the statement of facts it is said: "The county court, according to the pleadings and the agreed statement of facts in the record, had condemned, and the county judge was proceeding to use, appellee's land for a highway, and, *at the same time,*[4] refused to allow appellee's claim for compensation on the ground that the court was without authority to allow the claim because the fiscal year had expired and the revenues were exhausted."

It will be observed that the opinion states there was condemnation when the facts showed that "at the same time" there was refusal to pay. Certainly the court had no right to condemn and at the same time disallow compensation for the reason stated.

The petition will be treated as an appeal and the order will be that the court's action in granting the in-

[4] Italics supplied.

junctions is affirmed, but the construction (given the finding of the chancery court that the county court judgment was void) will be that under the decree those enjoined can not take the land until appellees have been compensated.