This is an action by appellant to enjoin appellees from constructing a state highway over a changed route of the Mayesville-East Road, No. 102, through lands belonging to it in Benton county. It is alleged that no condemnation has been had of the land and that it is an attempt to take private property without compensation. Also that under the law no damage could be recovered, but if so, no appropriation has been made and no damage could be recovered. The answer denied there had been no condemnation, and asserted that an order was made on July 15, 1940, condemning a right-of-way over and across the lands of appellant, a copy of which was attached. It recites it was made on petition of the State Highway Commission, defines the route of the road as changed, and provided that any land owner affected, who feels aggrieved or damaged by reason of the changes made, shall present his claim to the court within one year from said date. Trial resulted in a decree dismissing the complaint for want of equity.
For a reversal of this decree, two contentions are made, first, that a letter from the county judge of Benton county to Judge Carmichael, attorney for appellant, in which it was stated: "I can't see how your clients would be damaged by the establishment of this road as the farm is already divided by a county road. The only damage that possibly could be had is the extra land taken" is a denial of damages under the constitution; and second, that the act under which the county court acted in making the order of condemnation is unconstitutional and void.
As to the first proposition, we agree with counsel for appellant that the constitution prohibits the taking of private property for public use without just compensation, and that this prohibition extends, not only to the property actually taken, but to the damage, if any, done to the property not taken. Perhaps the county judge should not have prejudged appellant's right to recover damages to the land not taken, and in expressing the view that "the only damage that possibly could be had is the extra land taken." The county court might change its view of the matter on a trial before it, if and when *Page 14 
such a claim is ever presented to the court. If not, and appellant still feels aggrieved, an appeal will lie. So far as this record discloses, no claim has yet been filed with or presented to the county court. The case of Dowdle v. Raney, County Judge, 201 Ark. 836, 147 S.W.2d 42, is cited and relied on in this connection, but we can see no application to be made of the facts in that case to this, as to this point. Appellant had and still has a complete and adequate remedy at law. It is not alleged or attempted to be proven that Benton county is insolvent and cannot pay any damage suffered by appellant, and the burden was on it to do so. There is no presumption of insolvency as to the state or any of its political subdivisions, is. In fact the presumption is to the contrary. Crawford County v. Simmons, 175 Ark. 1051; 1 S.W.2d 561.
As to the second contention, that the statute, 6968 of Pope's Digest, authorizing the county court to condemn land for highway purposes without notice and without actual payment therefor in money; is unconstitutional, it is conceded that we have held to the contrary. We are asked to overrule Sloan v. Lawrence County, 134 Ark. 121,203 S.W. 260, and Crawford County v. Simmons,175 Ark. 1051, 1 S.W.2d 561. The rule stated in the Sloan case and reaffirmed in the Crawford county case has been many times followed, and such cases are collected in Shepard's Arkansas Citations, vol. 2, p. 128, as also in the February, 1941, supplement thereto. The most recent cases on the subject are Ark. State Highway Comm. v. Means, Judge, 192 Ark. 628, 93 S.W.2d 314; Dowdle Raney, supra; and State Highway Comm. v. Hammock, Chancellor, 201 Ark. 927, 148 S.W.2d 324. We decline to overrule all these cases, even though "this court will be flooded with cases on the question of whether a county is solvent or insolvent," as suggested by learned counsel for appellant. The rule announced in Sloan v. Lawrence County, supra, is, that the sovereign state may, under said statute, without notice, condemn private property for a public road, but that a statute which undertakes to determine the question of compensation, without notice, is void. The decision in that case was not unanimous, *Page 15 
and one of the dissenting judges wrote the unanimous opinion in Crawford County v. Simmons, and the other dissenting judge agreed to it, and later wrote the case of England v. State Highway Commission, 177 Ark. 157,6 S.W.2d 23, in which it was stated that "the opinion in the case of Crawford County v. Simmons, 175 Ark. 1051,1 S.W.2d 561, is decisive of all the questions raised by this appeal."
Affirmed.