ARKANSAS STATE HIGHWAY COMMISSION *v*. CROOM.

5-730                                                    280 S. W. 2d 887

Opinion delivered July 4, 1955.

*Richard M. Hart,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

WARD, J. This case arose out of the condemnation of certain lands situated in Sebastian County, Fort Smith District, Arkansas. On July 16, 1952, the County Court of Sebastian County, Fort Smith District, Arkansas, at the request of the Arkansas State Highway Commission, proceeding under Ark. Stats., § 76-510, entered its order condemning lands belonging to appellee, B. L. Croom, and other property owners, in connection with the widening and resurfacing of Towson Avenue located principally within the City limits of Fort Smith, Arkansas. The condemnation order specified that the City of Fort Smith and Sebastian County [Fort Smith District] were to share the cost of right of way acquisition on an equal basis, and that the Highway Commission was to remove and clear obstructions. The order further stated that claims for damages must be presented within one year.

Pursuant to said order appellant, the Arkansas State Highway Commission, entered upon the lands of appellee for the purpose of clearing the right of way and reconstructing the said street. However, appellee objected to such entry and thereupon appellant, on May 13, 1953, made application in the Chancery Court for an order enjoining appellee from interfering with and molesting its operations. The Chancery Court restrained appellee but required appellant to make a deposit in the registry of the court to guarantee the payment of any damages that might be adjudged in favor of appellee if same were not paid.

The pertinent part of the Court's order reads: ". . . the defendant [appellee] is entitled to have deposited in the registry of this Court the sum of $6,500 to be held therein as a cash bond to guarantee payment of defendant's damages, if any, occasioned by the taking of his said lands by condemnation order of Sebastian County Court, Fort Smith District, as is set forth in the complaint filed herein, and by construction of the highway, if such damages, if any, are not paid after being ascertained in the manner provided by law by Sebastian County, Arkansas, Fort Smith District and/or the City

of Fort Smith, Arkansas, in accordance with said condemnation order . . ."

Subsequent to the above proceedings appellee filed his claim for damages in the County Court, but not being satisfied with the allowance, he appealed to the Sebastian Circuit Court where a judgment in the sum of $6,500 was secured against the County. Appellant was not a party to that proceeding, and no appeal has been taken from the judgment.

Following the judgment in circuit court, appellee filed a motion in the Sebastian Chancery Court on January 11, 1955, praying that the deposit of $6,500 placed in the registry of the court by appellant be paid to him in satisfaction of the judgment theretofore rendered against Sebastian County. Appellant resisted the above motion and, after a hearing on January 14, 1955, the Chancery Court sustained appellee's motion and directed appellant to pay over to appellee the amount of its deposit. From the above order of the Chancery Court appellant prosecutes this appeal.

The trial court erred in sustaining appellee's motion and in directing that the sum of $6,500 be summarily paid to appellee. It is clear that appellant is not liable for damages caused appellee as a result of the County Court condemnation order since appellant was not a party to that procedure and was not otherwise bound thereby, as we have heretofore held in the cases of *Arkansas State Highway Commission* v. *McNeil,* 222 Ark. 643, 262 S. W. 2d 129, and *State of Arkansas Highway Commission* v. *Palmer,* 222 Ark. 603, 261 S. W. 2d 772. This court in those cases discussed the methods of obtaining rights of way as set forth in Ark. Stats., § 76-510 and § 76-511. It was stated in the latter case that if the procedure was instituted at the request of the Highway Commission [as it was in the case under consideration] "the county became liable for all damages for such taking." It was there also further explained that if the Highway Commission had instituted proceedings under § 76-511 [as it did not do here] "it would have been

obligated to pay all damages, but could have charged back to the County fifty per cent of the cost.''

It follows therefore that if any liability for damages to appellee exists now or may exist in the future it is because of the deposit it made in chancery court as a prerequisite to obtaining the writ of injunction against appellee. It will be noted that the injunction order specified in effect that there would be no obligation on appellant to pay damages to appellee unless such damages, if any, were not paid by Sebastian County. Therefore it is obvious that the obligation placed on appellant [to pay damages to appellee] was in the nature of the obligation of a guarantor and not a primary debtor.

At the time the chancellor made the order from which comes this appeal no showing was made that appellee had legally and properly presented for collection his judgment against the County, no showing that the County had legally refused to pay him, and no adequate showing that the County was financially unable to pay. The only attempt on the part of appellee to show the County was unable to pay his judgment was testimony to the following effect: The Prosecuting Attorney said the County Judge said no appropriation had been made. The County Judge said that none had been made, that he had asked for none, that appellee had presented no claim, and that he thought the Arkansas Highway Commission's bond would take care of appellee's judgment. Appellee admitted that no formal or written claim had, to his knowledge, been presented to the County. In dealing with a similar situation, in *The State Life Insurance Company of Indianapolis, Indiana* v. *Arkansas State Highway Commission*, 202 Ark. 12, 148 S. W. 2d 671, this court said:

''Appellant had and still has a complete and adequate remedy at law. It is not alleged or attempted to be proven that Benton County is insolvent and cannot pay any damage suffered by appellant, and the burden was on it to do so. There is no presumption of insol-

vency as to the state or any of its political subdivisions. In fact the presumption is to the contrary.''

In accordance with the many decisions of this court it is well established of course that a person's land cannot be taken under condemnation proceedings without just compensation, but we can think of no possible way by which appellee in this instance will not eventually receive compensation for his land, if he pursues the legal remedies available to him to collect the judgment he has against the County. If however it later develops that appellee cannot obtain compensation from the County because of its financial inability to pay, or for any other legal reason, the deposit which appellant has made will then be available in the Chancery Court for that purpose.

The views expressed above force the conclusion that the trial court was premature in ordering appellant's deposit in that court paid to appellee.

It was the opinion of the trial court that its action was justified under the holding in the *McNeil* case, supra. The trial court quoted and laid stress on a certain portion of the opinion where it was said ''perhaps, as counsel suggest, the State will ultimately bear a substantial part of the liability as a result of having made the $15,000 deposit as a condition to entering upon the land.'' We can see nothing in the *McNeil* case to sustain the court in its conclusion. It was plainly stated in the cited case that ''the State is not lawfully subject to liability in this case.'' It was further stated ''the *Palmer* case and its predecessors have established the rule that in a proceeding such as this one, brought under Ark. Stats. 1947, § 76-510, the State is immune from liability; the sole responsibility rests upon the County, as a result of the County Court's action in granting the request that a right of way be provided at County expense.'' It is true that in the *McNeil* case the court said that *perhaps* the State will ultimately be liable on the deposit made in chancery court. The statement was correct in that case and it would be, as explained above, correct to make the

same statement in connection with the deposit in this case.

Appellee makes this statement: "This court's decision in *Arkansas State Highway Commission* v. *Partain,* 192 Ark. [127] at page 131, [90 S. W. 2d 968], we think, is clearly decisive of all the issues in this case," and quotes extensively from the opinion. Then special reliance is placed on this phrase [from the quote]: "This deposit is in effect the payment in advance which the Constitution requires as a condition upon which the property must be taken." A careful reading of the *Partain* opinion reveals facts and issues so different from those obtaining here that it obviously does not support appellee's contention. In the cited case there had not been any condemnation proceeding, the property owner had recovered no judgment for damages, and no deposit of cash or bond had been made in court for the property owner's protection over which the court had control. The language [quoted above] which appellee considers significant in this case is fully explained by the court's language immediately preceding the quotation. The explanatory language we refer to was a general statement of law made by the court as follows:

"There is authority in the law whereby the court, *in which condemnation is prayed,* may require a deposit in court of a sum of money sufficient to pay any and all damages which may reasonably be assessed; *and the deposit must be in the registry of the court where the damages will be assessed. . . .*" [Emphasis supplied.]

In using the above language and in using the language relied on by appellee, the court obviously was not talking about the kind of a deposit made in the case before us. Here the deposit of $6,500 was not made in the court which condemned appellee's property and it was not made by the condemner.

Accordingly the decree of the trial court is reversed.