INDEPENDENCE COUNTY v. LESTER.

Opinion delivered April 25, 1927.

1. COUNTIES—OPENING OF HIGHWAYS—COMPENSATION FOR LAND TAKEN.—Crawford & Moses' Dig., § 5249, providing for opening of highways by the county court and giving the landowner the right to present his claim to the county court for taking of property for right-of-way, *held* not in conflict with Const., Amdt. 11, prohibiting cities and counties from making allowance for any purpose in excess of the revenue from all sources for the fiscal year, in view of Const., art. 2, § 22, providing that property shall not be taken, appropriated, or damaged for public use without compensation.

2. EMINENT DOMAIN—COMPENSATION FOR LAND TAKEN FOR HIGHWAY. —A county had no right to enter upon land appropriated for a highway without paying therefor, though the county fund for the year was exhausted, preventing the county from allowing the claim under Amdt. 11 to the Constitution.

3. EMINENT DOMAIN—TAKING OF LAND FOR HIGHWAY—CLAIM AGAINST COUNTY.—Condemnation of land for highway purposes by the county court under § 5249 creates *ipso facto* a valid claim for compensation in favor of the landowner against the county.

Appeal from Independence Chancery Court; *A. S. Irby,* Chancellor; affirmed.

*W. K. Ruddell,* for appellant.

*Coleman & Reeder,* for appellee.

WOOD, J. This is an action by Desha Lester, the appellee, against Independence County, the appellant, to restrain the latter from taking possession of 6,000 feet of the right-of-way of the Batesville & Heber Springs Highway, which was a Federal and State project, until he received compensation therefor. He alleged that his land had been opened and established as part of the State and Federal highway by the county court under § 5249 of C. & M. Digest; that he had presented his claim for damages to the county court, and that the claim was disallowed on the ground that the county court was without jurisdiction to allow the claim because the fiscal year had expired, and the revenue during the fiscal year in which appellee's claim accrued had been exhausted, and that therefore the county court was prohibited by

Amendment No. 11 of the Constitution from allowing the claim; that, notwithstanding the fact that the county court refused to allow him compensation for his lands condemned by such court, the county judge had entered upon such land, cleared the right-of-way, and is proceeding with the construction of such road, and, unless restrained, the road will be opened to the public. The appellee alleged that § 5249, *supra,* had been rendered unconstitutional by the adoption of Amendment No. 11 of the Constitution. Appellee prayed that the county be restrained from appropriating his land for use as the highway until he had received compensation for same. The appellee made an exhibit to his complaint the order of the county court condemning his lands and authorizing the Highway Department to go upon the same and construct the road. The appellant demurred to the complaint on the ground that the condemnation order showed that the road had been taken over by the Highway Department of the State and the same was being constructed by such department, and that the complaint was otherwise insufficient to state a cause of action.

The court overruled the demurrer, and tried the cause upon the facts as stated in the pleadings and an agreed statement showing the work that had been done on the highway. The court rendered a judgment in favor of the appellee, restraining the county judge, the county of Independence, and all persons acting under the authority of the order of the county court, from taking possession of the appellee's lands until he had been compensated for same. From that judgment this appeal is duly prosecuted.

Section 5249 of C. & M. Digest, under which the land of the appellee was condemned for highway purposes, is not unconstitutional, as held by this court in *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260. The above decision, declaring § 5249 valid, was prior to the adoption of Amendment No. 11 to the Constitution; but Amendment No. 11 to the Constitution, adopted in 1924, does not have the effect of rendering § 5249, *supra,*

unconstitutional. It is clearly the duty of county courts, when establishing new roads or laying out old roads under the authority of § 5249, not to ignore any of the applicable provisions of the Constitution. Section 22 of article 2 of the Constitution provides that the right of property is before and higher than any constitutional sanction, and private property shall not be taken, appropriated, or damaged, for public use, without compensation therefor. The county court, in exercising the authority conferred upon it in § 5249, *supra,* cannot disregard the above provision of the Constitution, nor can it disobey the mandates of Amendment No. 11. To be valid, the official acts of the county court, in exercising its authority under § 5249, *supra,* must be in conformity with both of these provisions as they have been interpreted by the decisions of this court. The statute above, under which the county court was proceeding to condemn the appellee's lands, provides:

"If the owner of the land over which any road shall hereafter be so laid out by the court shall refuse to give a right-of-way therefor, or to agree upon the damages therefor, then such owner shall have the right to present his claim to the county court, duly verified, for such damages as he may claim by reason of said road being laid out on his land; and, if he is not satisfied with the amount allowed him by the court, he shall have the right to appeal as now provided by law from judgments of the county court; provided, however, no claim shall be presented for such damages after twelve months from the date of the order laying out or changing any road; provided further, that, when such order is made and entered of record laying out or changing any road, the county court or the judge thereof shall have the right to enter upon the lands of such owner and proceed with the construction of such road. Provided further, all damages allowed under this act shall be paid out of any funds appropriated for roads and bridges, and, if none such, then to be paid out of the general revenue funds of the county."

Construing this statute in *Sloan* v. *Lawrence County, supra,* we said:

"The statute under consideration meets every constitutional requirement. It authorizes the county court to determine, without notice, the necessity for taking lands for public use, but contains ample provisions concerning notice and hearing upon the question of compensation, or damage, which mean the same thing in that connection. There is no provision for formal notice, but the order itself and the taking of the property thereunder are, in the very nature of things, acts of such publicity as to constitute notice, and the property owner is given twelve months within which to apply to the county court for an allowance of compensation, and the hearing is then given on that question."

In *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 389, 41 A. L. R. 782; *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11; *McGregor* v. *Miller, ante* p. 459, construing Amendment No. 11, we said:

"We think the amendment means just this: that, if a county, city or town avails itself of the provision authorizing the taking up of its outstanding indebtedness, it shall not thereafter draw warrants upon the treasurer for an amount in excess of its annual revenues. It must stay out of debt. It means further that, if a city, county or town has any outstanding unpaid warrants which it does not take up by issuing bonds as authorized by the amendment, it must not add to its existing indebtedness by issuing more warrants than can be paid out of the revenues of the current year."

In the case of *McGregor* v. *Miller, supra,* we held that the fiscal year mentioned in Amendment No. 11 begins on January 1 and ends on December 31: and we also held that warrants issued as well as obligations incurred which are in excess of the revenues are void, and the action of the court in issuing a warrant, or in making an allowance upon which a warrant might be later issued, is *coram non judice,* and said warrants and allowances are void.

Now, as Amendment No. 11 was adopted after the enactment of § 5249, *supra*, it is necessary for county courts hereafter, in proceeding upon the authority of the above section, to do so, and they can only do so, provided the finances of their counties will justify making compensation to the landowner for the damages he has sustained by reason of taking his land for public use. County courts cannot claim any authority, or exercise any power, under the statute to condemn private land for public use as a highway, without making provision for compensation to the landowner for the damages he has incurred by the taking of his land. If county judges have not so managed the budgets of their counties that compensation may be made to landowners for lands which may be deemed necessary for use as a public highway, then it is certain that county courts, in such a situation, have no power to condemn the owners' lands for highways. The county court, according to the pleadings and the agreed statement of facts in this record, had condemned, and the county judge was proceeding to use, appellee's land for a highway, and, at the same time, refused to allow appellee's claim for compensation on the ground that the court was without authority to allow the claim because the fiscal year had expired and the revenues were exhausted. Such being the fact, the appellee's land could not be taken for a highway. When the county court condemned appellee's land for a highway, it *ipso facto* created a valid claim for compensation in his favor against the county, under the above provision of our Constitution and statute, which claim the owner of the land taken could present to the county court at any time within twelve months after the date of the order laying out or changing the road. The budget thereafter would have to be so framed and restricted as to provide for the payment of this claim. The fiscal affairs of the county could not be so manipulated as to deprive the landowner of his property for public use without compensation.

The statute, *supra,* under which the order of condemnation was made, provides that all damages allowed thereunder shall be paid out of any funds for roads and bridges, and, if none such, then out of the general revenue of the county. What effect subsequent general highway laws may have upon this particular provision we are not called upon to decide in this lawsuit. See, for instance, §§ 30 and 69 of act No. 5 of the extraordinary session, approved October 10, 1923, and § 5 of act 116, approved March 5, 1927; and there may be other pertinent sections. The appellee is not concerned as to what governmental agency exercises the power of eminent domain, nor as to the particular fund out of which he is to be paid; his only concern here is that he shall receive compensation; he is entitled to it. If the county courts cannot manage their financial affairs so as to provide compensation for damages to landowners for their land taken for public use, then, in such case, these courts are powerless to condemn the land. Under the facts of this record it appears that the county court has condemned appellee's land and is proceeding to appropriate same for a State highway, without providing any compensation to appellee for damages, and it appears that the county court claims that it has no authority to make such compensation. If not, as already stated, it had no power to condemn, and its order to that effect is absolutely void. Therefore it is obvious that the county court and all those who claim to be acting under the authority of such order, in appropriating and using appellee's land for a highway, are doing so without any right whatever. The finding of the chancery court so holding is correct.

The facts of this record, as stated in the pleadings and the agreed statement, show a cause of action to be maintained in the chancery court. Appellee had no adequate remedy at law. The decree restraining the appellant and all others from taking possession of appellee's land and opening the same to public use and travel until he has been paid for same is therefore affirmed. See *Lemon* v. *Tanner, ante,* p. 414.