## GREENE COUNTY v. KNIGHT.

### Opinion delivered July 4, 1927.

1. EMINENT DOMAIN—CONDEMNATION OF LAND FOR DITCH—NOTICE.—An order condemning land for a ditch to drain the roadbed of a highway, made without notice to the owners, *held* void.

2. EMINENT DOMAIN—NECESSITY OF COMPENSATION.—An order condemning land for a ditch to drain the roadbed of a highway, without providing for compensation to the owners, *held* void.

Appeal from Greene Circuit Court, Second Division; *W. W. Bandy,* Judge; affirmed.

#### STATEMENT OF FACTS.

A highway improvement district was legally formed under what is known as the Alexander Road Law and the

amendments thereto for the purpose of constructing a highway from Paragould, Arkansas, eastward to what is known as Hopkins Bridge or the line between the States of Arkansas and Missouri, to be called Paragould and Hopkins Bridge Highway. A petition in the name of the State Highway Department was filed in the county court of Greene County, Arkansas, asking for a right-of-way for a ditch twenty feet wide and about 2,000 feet long across the lands belonging to Joe Knight and W. Collison, in Greene County, Arkansas. It was alleged that the construction of said drainage ditch was necessary to properly drain the roadbed for the Paragould and Hopkins Bridge Highway. The county court made the order as required. The judgment of the county court recites that a right-of-way or easement is condemned twenty feet wide along the line described in the order, and the order shows that the length of the proposed drainage ditch was about 2,000 feet and that it was outside of the road right-of-way. The order was made without any notice to J. E. Knight, over whose land the proposed drainage ditch was to be constructed. Joe Knight duly appealed from the judgment of the county court to the circuit court. Joe Knight also filed a petition for a writ of certiorari in the circuit court to quash said order of the county court condemning said strip of land as above set forth for said drainage district for the purpose of draining the Paragould and Hopkins Bridge Highway.

In the circuit court both cases were consolidated for the purpose of trial, and were heard and determined upon the record above set forth. The circuit court was of the opinion that the judgment of the county court was void, and rendered a judgment setting aside and quashing said order of the county court. In the judgment it was provided that the clerk of the circuit court should certify to the county court of Greene County, Arkansas, a true copy of the judgment, to the end that the same might be entered upon the records of Greene County as the order of the county court. The case is here on appeal.

*M. P. Huddleston,* for appellant.

*Jeff Bratton,* for appellee.

HART, C. J., (after stating the facts). In *Browning* v. *Waldrip,* 169 Ark. 261, 273 S. W. 1032, it was held that certiorari lies to quash a void judgment even though the judgment might have been vacated and set aside on appeal. In *Miller* v. *Tatum,* 170 Ark. 152, 279 S. W. 1002, it was held that a judgment that is not void cannot be quashed on certiorari, but, if held erroneous, it may be reversed on appeal. It was further held that an application for certiorari to quash a judgment that is not void will be treated as an appeal, where the time for appeal has not expired. Again, in *Taylor* v. *Bay St. Francis Drainage District,* 171 Ark. 285, 284 S. W. 770, it was held that an appeal might be taken from a void order or judgment of the county court to the circuit court. Hence, for the purpose of this appeal, it need not be determined whether certiorari was the proper remedy to be resorted to by the landowner in this case. He adopted that remedy and also took an appeal from the order of the county court within the time provided by statute. Both cases were consolidated and tried together in the circuit court.

The circuit court held that the order of the county court was void. It was then directed that the judgment of the circuit court be certified to the county court and become the judgment of that court. In any event, under the undisputed facts, the judgment of the county court was erroneous. The record shows affirmatively that a strip of land twenty feet wide and about 2,000 feet long was ordered to be condemned over the land of Joe Knight and A. W. Collison, without notice to them, for the purpose of draining the roadbed of the Paragould-Hopkins Bridge Highway. The land was outside the limits of the highway. The condemnation order of the county court did not make any provision for the payment of compensation to the landowners, and shows on its face that no notice of the application was given the landowners whose land was made the subject of the condemnation order. The record also shows that the proposed ditch was not

part of the original plans for the construction of the highway, but that it was made afterwards upon the suggestion of the State Highway Department.

In *Road District No. 6* v. *Hall,* 140 Ark. 241, 215 S. W. 262, it was held that the Legislature might provide such a method as it sees fit for ascertaining the compensation of land condemned for the construction of improved highways, provided only that the tribunal is an impartial one and that the landowners have an opportunity to be heard. In that case it was further held that, where the lands were not taken or damaged at the time the assessment of benefits was made, compensation must be paid to the landowners out of the funds of the district. The reason is that the assessors could not have taken into consideration, in assessing the benefits, the damages to the land which had not been taken and which was not intended to be taken at the time the assessment of benefits was made. In that respect it was differentiated from the case of *Dickerson* v. *Tri-County Drain. Dist.,* 138 Ark. 471, 212 S. W. 334, for the reason that in that case the statute provided for the payment of damages for lands taken at the time the assessment of benefits was made, and the record shows that the damages had accrued and must have been considered by the assessors in assessing the benefits to the land.

Again, it may be said that no provision was made for compensation to the landowner in the order condemning the land, and, in this respect, the case must be governed by *Independence County* v. *Lester,* 173 Ark. 796, 293 S. W. 743. In that case it was expressly held that the county had no right to enter upon land taken for a State and Federal highway under Crawford & Moses' Digest, § 5249, providing for the opening of new highways, and making changes in existing highways, without paying the owner compensation therefor. As we have just seen, compensation in the present case could not have been awarded the owner in assessing benefits for the reason that at that time the construction of the proposed ditch for the purpose of draining the

roadbeds of the highways was not a part of the plans for the improved highway and could not have been taken into consideration by the assessors in assessing the benefits to the land.

The result of our views is that the judgment of the circuit court was correct, and it will therefore be affirmed.