ARKANSAS STATE HIGHWAY COMMISSION *v*. MEANS, JUDGE.

4-4277

Opinion delivered April 20, 1936.

*Carl E. Bailey,* Attorney General, *Thomas Fitzhugh,* Assistant, and *Neill Bohlinger,* for petitioner.

*Farmer Tackett* and *Glover & Glover,* for respondent.

McHANEY, J.   Upon the application of the Arkansas State Highway Commission, petitioner herein, to the county court of Hot Spring County, an order was entered in 1931, changing the location of U. S. and State highway No. 67 at Donaldson, in said county, so as to route same over an over-pass across the railroad tracks, which petitioner proposed to construct at said point. The route of said highway as changed by said order passed across the lands of Mr. J. D. Nix. There-

after, just when not being shown, but perhaps in 1934, petitioner undertook to take possession of the land for the new route and over-pass, but Mr. Nix refused to permit same, and petitioner instituted an injunction proceeding in the chancery court and enjoined him from further interference with its right of possession and with the construction of the changed highway and over-pass. In the injunction order the court attempted to impound $3,000 of the turn-back funds due from the State to Hot Spring County to protect Mr. Nix in whatever damage he might sustain by reason of the taking of his property. There was no appeal from this decree. In August, 1935, Mr. Nix filed a claim with the county court for damages for the taking of his land in the sum of $3,000, which claim was disallowed by the county court on October 7, 1935, for the reason that: "Damage not incurred by county or any agent thereof." An appeal from the order of disallowance was, in due time, prosecuted to the circuit court, and, on October 11, 1935, Mr. Nix filed a complaint in the circuit court against Hot Spring County, Kochtitzky and Johnson, contractors, the State Highway Commission and the trustees of the Missouri Pacific Railroad Company in which he prayed damages in the sum of $3,000 for the taking of his land. The State Highway Commission entered its special appearance, objected to the jurisdiction of the court in the action, and moved to have the cause dismissed as to it. The trial court overruled this motion and ordered petitioner to prepare for trial, whereupon this original proceeding was instituted in this court. A temporary writ was awarded by one of the judges and was continued by the whole court, pending a final hearing. The question now is: Shall the writ of prohibition be granted?

Mr. Nix alleged in his complaint filed in the circuit court that the order of the county court condemning his land for the changed route of said highway 67 is void, and that the petitioner here was a trespasser. The order of the county court was made under authority of § 5249, Crawford & Moses' Digest. This section was amended by act 611 of the Acts of 1923, page 490, but Hot Spring

County was exempted from the amendatory act. Said section has been many times construed and sustained. See *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260, and cases following it which are collected in Shepard's Arkansas Citations, volume 2, page 128. Under this section, Mr. Nix had one year in which to file his claim for damages for the taking of his land. Whether this period of limitations runs from the date of the order or from the date of the actual taking, we do not now determine. Suffice it to say that Mr. Nix had a complete and adequate remedy by appeal from the order of the county court denying his claim for damages. Perhaps he still has that right as he did present his claim within one year from the actual taking, though not within one year from the date of the order. Moreover, when he was sued in the chancery court and enjoined from interfering with the petitioner in the construction of said improvements on his land, he had the remedy of appeal from that decree, if he were dissatisfied therewith. He did not do so, but permitted same to become final. This decree is not in the record now before us. A letter from the State Treasurer, dated April 6, 1936, and addressed to the State Highway Commission, advises that, pursuant to the resolution of the Commission, that office had impounded $3,000 in turn-back funds of Hot Spring County for the satisfaction of right-of-way damages to Mr. Nix, which amount was then on hand for that purpose. It, therefore, appears that when some court of competent jurisdiction has lawfully determined the amount of damages Mr. Nix is entitled to receive, if any, same will be paid regardless of the solvency or insolvency of said county.

This is a suit against the State and cannot be maintained. *Arkansas State Highway Commission* v. *Nelson Brothers,* 191 Ark. 629, 87 S. W. (2d) 394. The proceeding in the county court in 1931 wherein the highway was relocated was not an adversary one. Nix was not a party to that proceeding, was given no notice thereof so far as this record discloses, and none was necessary. All he did was to file his claim against the county for damages in 1935, and, when same was disallowed, he

appealed from that order. The Highway Commission was not a party to this appeal. The claim filed was not a claim against it, but one against Hot Spring County. It reads: "County of Hot Spring to J. D. Nix, Dr., for land condemned for right-of-way for Highway No. 67, at point known as Donaldson over-pass in Hot Spring County, belonging to J. D. Nix and damages to property $3,000." There was no appeal from the order of condemnation, but only from the order disallowing the claim. So, of necessity, the suit now pending in said circuit court is a new and independent one against the Highway Commission, just the same as it is against the contractors and the railroad company, and being such, cannot be maintained, because a suit against the State, under the authority of the Nelson Brothers case, *supra.*

The question before the circuit court is whether he has been damaged, and, if so, how much, (assuming his claim was filed in time)? He raised no question in the county court as to the validity of its order. On the contrary he asserted its validity by filing his claim. He now asserts the invalidity of the order, and sues the petitioner with others for damages as a trespasser.

Let the writ issue. It is so ordered.

SMITH and MEHAFFY, JJ., dissent.