**LEE COUNTY, ARK. v. HOLDEN.**

No. H–346.

United States District Court
E. D. Arkansas, E. D.

Feb. 17, 1949.

Neill Bohlinger, of Little Rock, Ark., for
Arkansas State Highway Commission.

Daggett & Daggett and Jimason J. Daggett, all of Marianna, Ark., for Lee County, Ark.

Cracraft & Cracraft, of Helena, Ark., for defendant.

LEMLEY, District Judge.

This is an action instituted by the Arkansas State Highway Commission, acting under authority of 6 Arkansas Statutes 1947, § 76-510,[1] originally instituted in the County Court of Lee County, Arkansas, to condemn certain parcels of land in that county, including 36 acres belonging to the defendant, for the purpose of changing and widening a state highway.

The petition for condemnation was granted by the County Court on October 27, 1947, and all parties interested in the land were given 12 months from that date within which to file their claims for compensation with that court. While this order was entered October 27, 1947, the defendant's lands were not actually taken over by the Commission until after August 13, 1948.

On July 16, 1948, and prior to the taking of possession of said lands by the Highway Commission, the defendant, Holden, removed the cause from the County Court of Lee County to this Court on the ground of diversity of citizenship between himself and Lee County and under the theory that Lee County was the only real party in interest.

The State Highway Commission and Lee County have now moved to remand the cause to the county court on the ground that the Commission was at the time of the institution of the original suit, and at the time of removal, and at all times, a real party in interest in this case, that said Commission is the alter ego of the State, and in reality the state, and that, therefore, diversity of citizenship does not exist, and this court has no jurisdiction.

The motion to remand was first briefed, and then argued orally. At the conclusion of the oral argument, the Court indicated that the cause would be remanded, whereupon counsel for the defendant requested permission to file additional briefs and that final submission be made on such briefs. This request was granted. The supplemental briefs have been filed, and have been read and considered by the Court.

Subsequent to the filing of the petition for removal, a certain deposition was taken in this cause, which will be hereinafter referred to, certain stipulations were made, and there has been filed herein a bond executed by the State of Arkansas, acting by and through the Arkansas State Highway Commission, as principal, and Maryland Casualty Company, as surety, in favor of the defendant, Holden, in the sum of $6,000 and conditioned upon indemnifying said Holden against any loss or damage that he may sustain by virtue of the taking of his said land. This bond was executed in compliance with an order of the Chancery Court of Pulaski County, Arkansas, under the following conditions: On July 16, 1948, on the same day upon which this cause was removed to this court, the defendant filed a suit against Arkansas State Highway Commission in the Chancery Court of Pulaski County, Arkansas, seeking to enjoin the Commission from taking his said lands until it had deposited in the registry of the proper court the sum of $6,000 to indemnify him against loss by reason of such taking. On July 29, 1948, the Pulaski Chancery Court entered a decree enjoining the Commission from entering upon said lands until it executed a bond similar in all respects to the one just mentioned. This bond was approved by the Chancellor of said Court on August 13, 1948, and no appeal was taken from that decree.

We take it that the primary reasons advanced by the defendant to sustain his contention that the motion to remand should not be granted are: (1) That the statute referred to, 6 Ark.Stats.1947, § 76-510, in pro-

---

[1] 6 Arkansas Statutes 1947, § 76-510 is as follows: "The State Highway Commission may call upon the county court to change or widen, in the manner provided by section 5249 of Crawford & Moses' Digest (§ 76-917), any State Highway in the county where the State Highway Engineer deems it necessary, for the purpose of constructing, improving or maintaining the road. In the event the county court should refuse to widen the road as requested, the Commission may refuse to construct, improve or maintain that portion of the road until a suitable right-of-way is provided. (Acts 1929, No. 65, § 55, p. 264; Pope's Dig., § 6905.)"

viding that the State Highway Commission may "call upon the county court to change or widen * * * any State Highway in the county" does not contemplate the filing therein of a judicial proceeding for condemnation, and that, therefore, the State Highway Commission is not a real party in interest (in this connection, it is conceded that the State Highway Commission is, in effect, the State, as was held in Arkansas State Highway Commission v. Nelson, 191 Ark. 629, 87 S.W.2d 394; and Arkansas State Highway Commission v. Means, 192 Ark. 628, 93 S.W.2d 314); (2) that the State Highway Commission is not a real party in interest in the action because under the proceeding instituted under the statute referred to the county is required to pay the damages for such taking, see 6 Ark.Stats.1947, § 76-917;[2] and, (3) that if it be conceded that the State Highway Commission was a real party in interest at the time of the institution of the original action in the county court, it ceased to be such and became divorced from the proceedings when the petition for condemnation was granted by the order of the county court entered on October 27, 1947.

We cannot agree with the defendant on any of these contentions.

■ Of course, if the State is a real party in interest in this case, the cause cannot be removed to this court. See Arkansas State Game & Fish Commission v. W. R. Wrape Stave Co. et al., D.C.E.D.Ark.W.D., 76 F.Supp. 323, and cases cited therein.

■ With respect to the first contention, when this case was argued orally, we expressed the opinion that when the Commission filed its petition with the County Court, it commenced a condemnation suit in that court. We are still of that opinion. We have found no case directly in point on this question, but in State Highway Commission v. Pulaski County, 205 Ark. 395, 401, 168 S. W.2d 1098, it was indicated that when a condemnation petition is presented to the county court there is an attempt to invoke the jurisdiction of that court. In that case, the right of the state to compel the county to bear one-half of the cost of acquiring a right-of-way for a certain state highway was involved; the court had refused to grant the highway commission's petition for condemnation and the latter was forced to acquire the lands through an action in the circuit court under 6 Arkansas Statutes 1947, §§ 76-511, 76-518 to 76-521, inclusive.[3] One of the determining issues in the case was whether or not the petition for condemnation had been legally and properly filed with the County Court. This is brought out most forcibly by the dissenting opinion in the case. The importance attached by the court to this issue convinces us that the Supreme Court of Arkansas considered that upon the filing of a petition of condemnation by the Commission in the county court a lawsuit is thereby commenced, and that such petition does not amount to a mere request to the county to commence such an action in its own right. In a later case, [Arkansas] State Highway Commission v. Saline County, 205 Ark. 860, 171 S.W.2d 60, the court used the following language: "The Arkansas State Highway Commission filed in the county court of Saline County a petition in which it set up that a certain public road in that county known as the 'Benton-Bauxite Road' was 'a part of the Access Highway System', * * and it prayed for an order of the county court making the changes in the location of said highway and condemning the necessary right-of-way therefor." It was the holding of the court in that case that the county court had the power to grant or deny

---

[2] Section 76-917 provides in substance that the county court may enter an order of condemnation for road purposes without notice to the landowner and that upon the making of such order entry may be made upon the lands. The obligation to pay for the lands condemned is placed upon the county, and interested landowners have a period of 12 months from the date of the entry of the order to file their claims for compensation with the county court.

[3] (Separate Arkansas Statutes provide for two methods of condemnation by the State Highway Commission for state highway purposes: (1) through action in the county court of the county wherein the lands lie, as was done in the instant suit; and (2) by a direct proceeding by the Commission itself in the circuit court, as set out in Sections 76-518 to 76-521, inclusive.)

the petition in toto but no authority to make changes in the project petitioned for. The court described the action in question in the following language: "This was a condemnation proceeding brought by the State Highway Commission, and the power of the commission to initiate this proceeding has not been challenged."

With reference to defendant's contention that the State Highway Commission is not a real party in interest because under the statutes, by virtue of which it filed this condemnation suit in the county court, it is the duty of the county and not the Highway Commission to provide for payment of just compensation for the lands. 6 Ark.Stats.1947, § 76-917. The answer to this contention is that it is not necessary in order for the State to be a real party in interest that either its property or its treasury be directly affected in a pecuniary sense. We so held in Arkansas State Game & Fish Commission v. W. R. Wrape Stave Co. et al., supra, citing Missouri, Kansas & Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners et al., 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78.

In the opinion in the Wrape case [76 F. Supp. 331] it was pointed out that the criterion in determining the question of "real party in interest" is not necessarily financial interest, but, on the other hand, the test to be applied is whether or not the state gets the benefit of the decree. It is patent that the benefits of the condemnation proceedings here involved flow to the state and its citizens for whose use and benefit the lands in question were acquired. These lands were taken for state and not county purposes; the highway involved is a state highway and not a county road; the changes in, and widening of, this highway are to be made by the state and not by the county, and the road, when completed, will be maintained by the state and not the county. In the inception of this suit the determination of whether or not it should be brought, and the identity and extent of the lands to be acquired, were questions to be determined solely by the Highway Commission and its employees. Arkansas State Highway Commission v. Saline County, supra.

All of this, however, is not to say that the State Highway Commission, the alter ego of the state, does not have a financial interest in this case. It is not necessary to the conclusion we have reached for us to pass on that question, but we might point out that if the Highway Commission was a real party in interest to these proceedings on the day upon which the petition for removal was filed, the case should be remanded, and on that very day, July 16, 1948, the defendant filed suit against the Highway Commission in the Chancery Court of Pulaski County, Arkansas, seeking to enjoin it from taking the lands in question until it had deposited in the registry of the proper court the sum of $6,000 to indemnify him against loss by reason of the taking of his lands, and in that action the Chancellor, in lieu of requiring the Highway Commission to deposit a cash bond of $6,000 for defendant's protection, required that a surety bond be executed. The defendant contends that the action of the Highway Commission in executing this bond was ultra vires. It might be argued, however, that if the Highway Commission could be required to make the deposit which plaintiff sued for, which is the law, the making of such a deposit not being an ultra vires act, the execution of the bond, likewise, would not be ultra vires. Defendant did not appeal from the Chancellor's decree, and when he filed his suit in Pulaski Chancery Court such action was necessarily based fundamentally upon the theory that the state was a real party in interest to the condemnation proceeding. Further, according to the deposition of the County Judge of Lee County, filed herein, and a stipulation as to certain testimony which would be given by the State Highway Engineer if he had been present at the time to testify, an agreement had been entered into between Lee County and the Highway Commission to the effect that the county would pay one-third of the cost of acquiring the lands in question and that the Commission would bear two-thirds. This agreement, it was said (and the testimony has not been contradicted), was in accordance with the general practice of the Commission in procuring highway rights-of-way, and had been followed by the Commission for several years in various counties of the state, including Lee County. Attached to the County Judge's deposition as an exhibit is a copy

of an order entered by him the day before the deposition was taken, which order fixed the compensation to be paid certain land-owners for their lands and provided that one-third thereof was to be paid by Lee County and two-thirds by the Commission. According to the aforesaid stipulation, the State Highway Engineer would have testified, if present, that this agreement between the Commission and Lee County had been approved by the Commission. Counsel for defendant urge that this agreement is unlawful, but cite no decisions of any court in support of their contention. We are not at all satisfied that the agreement is illegal, but as stated, it is not necessary to our conclusion that we pass upon that question.

As to the defendant's contention that the Highway Commission became divorced, so to speak, from the condemnation proceeding when the County Judge entered his order of condemnation on October 27, 1947, and that thereafter Lee County remained the only real party in interest, the basic fallacy in his argument is that he assumes that the Highway Commission obtained a complete and indefeasible title to the lands upon the entry of this order, whereas the title of the Highway Commission is not complete and indefeasible until compensation is paid or secured, and it cannot be paid or secured until the amount thereof is ascertained. Independence County v. Lester, 173 Ark. 796, 293 S.W. 743; Dowdle v. Raney, County Judge, 201 Ark. 836, 147 S.W.2d 42; Arkansas State Highway Commission v. Hammock, Chancellor, 201 Ark. 927, 148 S.W.2d 324; Miller County v. Beasley, 203 Ark. 370, 156 S.W.2d 791.

It is true that 6 Arkansas Statutes 1947, § 76-917 imposes upon the county the duty of paying compensation for lands condemned in the county court for state highway purposes. The power of the county to make such payment, however, is limited by Amendment No. 10 of the Arkansas Constitution, which prohibits the making of such payments except from current revenues coming in during the year in which the order of condemnation is entered, or possibly during the year in which the land is actually taken. This Amendment must be read in connection with Article 2, Section 22 of the Constitution, which prohibits the taking of private property for public use without just compensation. These two constitutional provisions have been reconciled by the Supreme Court of Arkansas in Miller County v. Beasley, supra, Arkansas State Highway Commission v. Hammock, Chancellor, supra, and Independence County v. Lester, supra. The conclusion to be drawn from these decisions is that the act of condemnation is not complete until the lands involved are actually taken over by the Commission. When the Commission undertakes to appropriate the lands covered by the order of condemnation, the owner thereof has a right, if the county's financial condition is such as to indicate that it does not have the means whereby to compensate him, to go into chancery and enjoin the appropriation of his lands until compensation is fixed and paid, or secured, as was done by the defendant in this case.

The defendant cites Ross v. State Highway Commission, 184 Ark. 610, 43 S.W.2d 75, 76, and Arkansas State Highway Commission v. Means, Judge, 192 Ark. 628, 93 S.W.2d 314. We do not think these decisions justify the conclusion that the defendant draws from them. There is language in the Ross case referring to the "county" condemning lands "for state highway purposes" as apparently contrasted to such a condemnation instituted by the "state." This language, however, must be read in connection with the particular facts in the case and in connection with the facts in the cases cited by the Court. When so read it is clear that the Arkansas Supreme Court, in referring to an act of condemnation by the "county," was actually referring to a condemnation by the Highway Commission carried out through the county court, as contrasted to a condemnation by the Commission carried out through the circuit court under the provisions of what are now 6 Ark.Stats.1947, §§ 76-511, 519–521. In the Means case the problem before the court was actually procedural in its nature, and the holding of the court was simply that a landowner whose claim for compensation has been rejected by the county court has an adequate remedy by appeal to the circuit court, and that he cannot file in the circuit court an independent action for

358

damages against the Commission. The language in the decision upon which the defendant relies is found in the court's development of its argument in support of its holding that the landowner must pursue his remedy of appeal from the adverse ruling of the county court and may not abandon such remedy for an independent action. We find nothing therein that holds that the Commission is not a real party in interest in a proceeding of this kind. In this connection, in the case of Arkansas State Highway Commission v. Hammock, Chancellor, supra, decided by the Arkansas Supreme Court after *both* the Ross and Means cases, that court in an original action where the State Highway Commission applied for a writ of prohibition to prohibit a chancery court from issuing any order interfering with the rights it claimed to have under a county court judgment acquired in an action similar to the instant one, while denying the writ, treated the petition as an appeal from the decree of the chancery court and modified that decree to provide for entry upon the lands by the Commission after the owners thereof had been compensated. By treating the petition for writ of prohibition as an appeal, the Supreme Court recognized that the state was a real party in interest in a proceeding of this kind, even after the order of condemnation entered by the county court.

Condemnation proceedings can not be bisected into two independent parts, as contended by the defendant. Of course, there are different phases of all proceedings, but each phase of a transaction is not a separate transaction in itself. "Condemnation" includes the determination and payment of compensation for the lands taken, as well as the act of taking. The act of taking and the act of paying are but two phases of a larger act, that of condemnation.

Other alleged grounds for denial of the motion are set out in defendant's briefs, but in view of the foregoing and what we had to say in our recent opinion in the case of Arkansas State Game & Fish Commission v. W. R. Wrape Stave Company et al., supra, we do not deem it necessary to discuss them.

The motion to remand is granted.