W. W. GREIG Jr. et al *v.* CRAWFORD COUNTY
Arkansas

73-229                                              506 S.W. 2d 523

Opinion delivered March 18, 1974

*Batchelor & Batchelor*, by: *Fines F. Batchelor Jr.*, for appellants.

*Floyd Rogers, Thomas B. keys* and *Billy Pease*, for appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to the condemnation of certain lands for highway purposes by the Crawford County Court. Appellants, W. W. Greig, Jr. and Eugene Symonds, along with four other landowners,[1] filed a pleading entitled "Special Appearance and Motion to Quash", contending, for reasons hereafter discussed, that the court had no jurisdiction. It was asserted that the taking did cause serious damage to the remaining property of the landowners. Subsequent amendments asserted that Arkansas Statutes relative to the condemnation, in conjunction with Amendment 10 to the Arkansas Constitution, violate Article II, Section 22 of the State Constitution and the 5th and 14th Amendments to the Constitution of the United States, in that such statutes permit the taking of a defendant's property without just compensation. On hearing, the County Court found that its order of condemnation was valid, and not violative of any statute or constitutional provision of either this state or the United States, and that the landowners had sustained no damages by reason of the entry and rendition of the condemnation order. From this order, there was an appeal to the Crawford County Circuit Court wherein that court found that it was without jurisdiction to determine the validity of the order of condemnation entered by the County Court; that "defendants did further present to this Court the question of the invalidity of Amendment 10 to the Arkansas Constitution, insofar as it permits the taking of property

---

[1] Only Greig and Symonds have filed an appeal in this court.

203

without compensation, if the County is without funds for the year of taking, as being violative of Article II, Section 22 of the Constitution of the State of Arkansas and the 5th and 14th Amendments to the Constitution of the United States of America***" The court further found that despite this ruling and though noting objections, appellants thereafter had gone to trial on the question of damages to their property, and that in so doing, had waived their right to question the condemnation order. Proof was presented to the jury on the ·issue of damages and a verdict returned for the county in all cases. From that judgment, appellants bring this appeal. For reversal, thirteen points are asserted which we proceed to discuss, although not necessarily in the order in which they are listed.

It is first asserted that the trial court erred in holding that it was without jurisdiction to determine the validity of the County Court condemnation order upon appeal.

The order of the Circuit Court does not state why the court held that it was without jurisdiction, and we are inclined to consider this holding erroneous. Ark. Stat. Ann. § 76-917 (Repl. 1957) provides the right of appeal by the landowner from the County Court to the Circuit Court where such landowner is not satisfied with the amount of damages allowed. In *Carter* v. *Randolph County*, 146 Ark. 221, we held that any action taken under what is now Ark. Stat. Ann. § 76-917[2] was appealable under the general right of appeal conferred by Section 1487. Appeals under this section are taken in the manner provided by Ark. Stat. Ann. § 27-2001 (Repl. 1962), and this section is synonymous with Section 1487 of Kirby's Digest except that the latter did not contain the words " of the proper county" following the words "clerk of the Circuit Court". It thus appears that this holding of Crawford County Circuit Court was erroneous, and it also appears that the court's holding to the effect that appellants had waived the right to challenge the validity of the order because of pursuing the issue of damages was also erroneous. The "Special Appearance and Motion to Quash" protected appellants against such a waiver. In *Smith Chickeries* v. *Cummins, Judge*, 224 Ark. 743, this court said:

[2]This section is substantially the same as Act 422 of the Acts of 1911 which amended Section 7328 of Kirby's Digest.

"It is also the rule that a defendant may, after duly making a special appearance objecting to jurisdiction, appear on the merits with the jurisdictional question expressly reserved, and retain the right to present the issue of jurisdiction on appeal." [Citing cases.]

However, we hold that the court's finding that it was without jurisdiction to review the validity of the order was harmless error because the county is not required to follow the steps that are necessary for a landowner initiated petition. Appellants' "Special Appearance and Motion to Quash" prayed that the condemnation order be quashed due to failure of the county to set a hearing within 30 days of the filing of the petition for condemnation, failure to publish notice of the hearing in any newspaper, failure to serve notice of the order of condemnation, lack of a return of service by the Sheriff, and insufficient County funds to pay alleged damages. Section 76-917 provides two methods of condemnation; one by the county on its own decision without a petition, and the other being initiated by the petition of five landowners. *Prewitt* v. *Warfield*, 203 Ark. 137. Ark. Stat. Ann. § 76-917 and Ark. Stat. Ann. § 76-926 (Supp. 1973) have identical language for the most part except that the last mentioned statute also provides that the County Court Order of Condemnation be served on the affected landowner, and a return filed. Section 76-926 also sets out that the claim for damages can be filed twelve months from the date of the service of the condemnation order. The case of *Arkansas State Highway Commission* v. *Cook*, 233 Ark. 534, 345 S.W. 2d 632, points out that Section 76-917 is ostensibly defective, in that it makes no provision for the giving of notice to the landowner whose property is being taken. It is further stated that a landowner is entitled to a hearing upon the issue of compensation. It appears, therefore, that Section 76-926 was passed by the General Assembly for the purpose of correcting such defect.

The record in this case is very confusing; in fact, the 1971 County Court Order of Condemnation is not even in the record but, from the over-all picture, it appears that it was a "county originated" order. This being true, the challenge to the order by appellants relying upon statutory requirements for a "citizen petition based" order would not have any basis

to defeat the validity of a "county originated" order. Accordingly, the court's holding was harmless error since the requirements relied upon by appellants were not in issue as regards the validity of the order and their challenge could not have been sustained.

It is asserted that the trial court erred in remarking to the jury that if there was no taking of land, appellants would not be entitled to any damages. The remark was incorrect and should not have been made, though it does appear that an instruction was given which permitted the granting of such damages. At any rate, since the case must be reversed on other points, we need not here further discuss the contention.

It is then contended that the court erred in permitting the County Judge to testify that an earlier condemnation order that established the present road, wherein certain portions of land owned by appellants were taken, called for an 80 foot right-of-way. This order, according to remarks of the court, was already in evidence; in fact, a copy of the order and amended order appear in appellants' abstract as Exhibits 5 and 6 offered by appellants. Here again, the record is incomplete as the exhibits do not appear in the transcript. If the order had been offered into evidence, we are unable to determine how appellants could have been prejudiced.

The appellants allege error was committed by the court in holding the date of taking in this case as April 1, 1971 and in instructing the jury to that effect. The appellants cite *Arkansas State Highway Commission* v. *Dobbs*, 232 Ark. 541 as supporting their contention that the date of taking is the date of actual entry. However, they go on to state that it might well be argued that the Legislature intended to change the date of taking to the date of the order by enactment of Act 387 of 1965. It appears that the later statement is the better view. In the cases prior to Act 387 of 1965 (Ark. Stat. Ann. §§ 76-926—76-928) the court required entry on the condemned land to provide notice to the landowners when they were not given actual notice of the Condemnation Order. This was held necessary to provide a hearing for damages where the time for filing claims had run during the period prior to the landowner's notice or knowledge of the order condemning his property. Under Ark. Stat. Ann. § 76-926, a claim for

damages cannot be presented after twelve months from the date of the service of the Condemnation Order, thus avoiding any possibility of a landowner being denied a hearing on damages due to the lapse of the filing period where he had no notice. It is evident that the important fact is notice, not the actual entry, though this last has been construed as actual notice. In this case it is not shown when appellants received notice of the 1971 order but they did file a claim for damages within twelve months of the entry of the order. Under the provisions of Ark. Stat. Ann. § 76-926 and the facts of this case, there appears to be no prejudice in setting the date of the order as the date of taking.

Under point V, it is argued that the court erred in admitting into evidence certain plans relating to the road. Here again, the testimony is confusing. These plans, depicting the area of condemnation, the amount of land to be taken, and other pertinent data, were offered by Mack Bolding, an independent appraiser, and appellants object because, as they assert, there was no showing that these plans were reasonably accurate and correct, and such a showing should have been required of appellee before the plans could be properly admitted. This statement of the law is correct. See *Howell v. Baskins,* 213 Ark. 665, 212 S.W. 2d 353. The court only permitted Bolding to refer to the plans which reflected the actual area examined by the witness, and only for the purpose of illustrating his testimony. However, it is not shown that these plans were the same plans that the Highway District Engineer had already testified from, and this, of course, should have been shown. Since the case is being reversed on other grounds, further discussion of this point is unnecessary.

Points VI, VII, VIII, and IX will be subsequently discussed.

Points X and XI relate to cerain statements made by the Prosecuting Attorney, acting on behalf of the county, in his argument to the jury. The record does not reflect what the Prosecuting Attorney said, only the objections made by appellants' counsel. The burden is on appellants to furnish a record which would contain the facts asserted to be error, and since no such record is before us, we certainly cannot say that error was committed.

Under point XII, it is asserted that the trial court erred by making statements amounting to a comment upon the weight of the evidence. This point relates to rulings made by the court on objections made to the remarks of the Prosecuting Attorney and we do not agree that these rulings amounted to a comment upon the weight of the evidence.

Point XIII asserts that Arkansas condemnation laws and Amendment 10 to the Arkansas Constitution are violative of Article II, Section 22 of the State Constitution and the 5th and 14th Amendments to the United States Constitution. It would appear that this argument relates to a contention that 1971 funds were not available from which damages could be paid for the taking. We find this argument to be without merit. Though we cannot approve the entire finding of the Circuit Court in the judgment rendered,[3] other than the finding that Amendment 10 is not violative of other constitutional requirements, the landowner has the right to enjoin the taking of his property until a bond or other security has been furnished to secure payment for any damages incurred. Where there is no adequate remedy at law, the landowner can go into Chancery Court and, upon proper showing, seek and obtain an injunction to prohibit the taking of his land until necessary guarantees for payment for any damages are afforded. *Independence County v. Lester,* 173 Ark. 796, 293 S.W. 743.[4]

We now return to points VI, VII, VIII and IX wherein we have concluded that the court erred, thus requiring a reversal of the judgment. As to point VI, it is asserted that the court erred in holding that appellants must include in computing the before and after value of their lands, contiguous land that they claim was not affected by the taking. In *Arkansas State Highway Commission v. Poteete,* 245 Ark. 430, 432 S.W.

[3]From the judgment: "Amendment 10 to the Arkansas Constitution neither violates Article 2, Section 22 of the Constitution of the State of Arkansas nor the 5th and 14th Amendments to the Constitution of the United States of America even though it permits taking of defendant's property for public purposes, and prohibits the compensation for damages sustained unless there are funds for the County available for the year of the actual taking from which said damages can be paid, even though the landowners might take all actions left open to them under the laws of the State of Arkansas to prohibit such taking without just compensation therefor, ***."

[4]This case refers to "Amendment No. 11 to the State Constitution". See 1927 Supplement to Crawford & Moses Digest (Castle). The language at issue is now found in Amendment No. 10.

2d 774, we held that in determining whether a property owner is to be compensated for an entire tract or just that portion actually taken, the controlling principle is separate and independent utilization as opposed to a connected or unity of use. Accordingly, as here, where one of the appellants says that only 20 acres of the 40 acre tract were involved and appellee contends that all 40 acres are involved in determining damages, the court holding with appellee, error was committed, as the question of whether the total tract was affected was one that should have gone to the jury.

Points VII, VIII and IX all relate to the 1956 condemnation order which order appellee contends was not involved in the case. We cannot agree. Though no pleadings are found in the record directing an attack upon this order, the issue was evidently injected at a pre-trial conference since the record does reflect a motion by Crawford County, moving for a continuance and also moving that the cause be transferred to Equity, the motion setting out that appellee had just learned that the appellants were disputing an existing 80 foot right-of-way for Highway 162, "being 40 feet on each side of the center line, as it relates to the abutting property" of appellants; "that the existing right of way for Highway 162 is by virtue of an order of the Crawford County Court in 1956; and calls for an 80 foot right-of-way for Highway 162, being 40 foot on each side of the center line of said highway as it relates to the property of the Defendants, and Plaintiff will need additional time to prepare its case on the issue of the validity of its 1956 County Court Order"; it was further asserted that this constituted an attack upon the validity of the County Court order of 1956, as well as a title dispute dispute to the property involved, and the matter should be transferred to Equity for the purpose of having these questions determined prior to the issue of just compensation. Again, there is no order in the record to show the disposition of this motion, but it would appear, of course, under subsequent developments, that the motion was denied. Nonetheless, under the evidence, it would appear that the 1956 order was involved.

Testimony on the part of appellants reflected that it was their contention that the full amount of land condemned in the 1956 condemnation order was never entered upon or used

in constructing the road; it is further asserted (by testimony) that they had no notice of the order, and since there was no actual taking to put them on notice (as they contend) damages can still be claimed for land, though condemned, but not used under the 1956 order. This is a correct statement of law. In *Arkansas State Highway Commission v. Dean,* 236 Ark. 484, 367 S.W. 2d 107, we said:

> "This court has consistently held that an action of the State Highway Department in improving and paving an existing road is insufficient to put adjoining property owners on notice that additional lands were being taken so as to set in motion the one year statute of limitations for the filing of claims for the taking of lands under a county court condemnation order." [Citing cases]

While there is evidence in the record that one of the appellants assisted in obtaining the right-of-way under the 1956 condemnation order, this appellant also disputed the location of the boundaries, stating that he had originally built his fence on the right-of-way line and that the Department, in 1971, put markers 10 to 12 feet inside of the fence. The County Judge testified that the 1956 condemnation order called for an 80 foot right-of-way, though he stated that he had no way of knowing whether notice was actually given in 1956 and he did not know whether the center of the road was located at the same place as called for in the condemnation order.

While it may well be that, under the testimony, the jury would have found against appellees, nonetheless, we think an issue of fact was raised which required the giving of appellees' Requested Instructions Nos. 2, 3, and 4, reading as follows:

*"Land Owner's Requested Instruction No. 2"*

> "You are instructed that if the land owners here, or any of them, received no actual or constructive notice of the entry of the 1956 Condemnation Orders until the commencement of this litigation, such owner or owners as had no knowledge or notice will be entitled to compensation for any damages sustained by reason of any additional taking, appropriating or damaging of their property now occurring, even though the 1956 Condem-

nation Order may have included such property, but actual possession of said property had not been taken prior to the present taking.

"*Land Owner's Requested Instruction No. 3*

"The burden of proof of actual or constructive notice of the 1956 Condemnation Orders is upon the county.

"*Land Owner's Requested Instruction No. 4*

"The burden of proof of the location of the center line of Kibler Road or State Highway 162 at the time of the Condemnation Order in 1956 is upon the County."

As stated, we are of the view that these instructions should have been given and because of the errors mentioned in points VI, VII, VIII and IX, the judgment of the Crawford County Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.