ARKANSAS STATE HIGHWAY COMMISSION
*v.* Bessie W. COFFELT and Kenneth C. Coffelt

89-160                                            782 S.W.2d 45

Supreme Court of Arkansas
Opinion delivered January 8, 1990
[Rehearing denied February 5, 1990.*]

---

*Hickman, J., not participating.

*Robert L. Wilson* and *Philip N. Gowen,* for appellant.

*Mike Wilson* and *Kenneth Coffelt,* for appellees.

TOM GLAZE, Justice. This appeal is a sequel to our decision in *Arkansas State Highway Comm'n* v. *Munson,* 295 Ark. 447, 749 S.W.2d 317 (1988), where we refused the Commission's request for a writ of prohibition against a Pulaski County Chancery Court's order staying the Commission from collecting a prior judgment it obtained against the Coffelts in a Pulaski County Circuit Court in November 1985.[1] Following our decision, the chancery court made its stay permanent upon finding the circuit court's earlier judgment was void as a taking of the Coffelts' property without compensation in violation of the Arkansas and United States Constitutions.

The Commission argues the chancery court erred in finding the circuit court's judgment was void. It contends further that the doctrine of res judicata barred the Coffelts' subsequent action in chancery court.

The parties agree that an erroneous judgment subject to direct attack does not impair its effect as res judicata; a void judgment, however, amounts to nothing and has no force as res judicata. *See Selig* v. *Barnett,* 233 Ark. 900, 350 S.W.2d 176 (1961); 2 A.C. Freeman, *Law of Judgments* § 642 (1925). Thus, the threshold question in this appeal is whether the 1985 circuit court judgment is void since only under such a circumstance were the Coffelts allowed collaterally to attack the circuit court's judgment. We hold that the circuit court clearly had jurisdiction and was competent to enter the judgment it did against the Coffelts and that the chancery court erred in holding the judgment void.

First, we point out that the 1985 circuit court judgment in issue here was the focus of controversy in *Coffelt* v. *Arkansas Highway Comm'n,* 289 Ark. 348, 712 S.W.2d 283 (1986). There

---

[1] Actually, the judgment was entered against Mrs. Coffelt, but because Mr. Coffelt has since become a party to this litigation, our reference will include both for ease of writing this opinion.

the Coffelts sought relief from the circuit court judgment, but we upheld the judgment by summarily affirming the appeal from that judgment pursuant to Ark. Sup. Ct. R. 9(e)(2). Next, we note that it is well settled that a judgment on first appeal is conclusive as to every question of law or fact that was actually decided, or could have been decided, at that time. *May* v. *May*, 267 Ark. 27, 589 S.W.2d 8 (1979). Nevertheless, while the Coffelts do not question such legal authority, they still maintain that the circuit court's judgment in question here is facially void and open to attack because the judgment reflects the jury found for the Coffelts but awarded no damages for the Commission's taking of their property. As a consequence, the Coffelts contend the circuit court judgment was not merely erroneous and subject to direct appeal, but instead was void and subject to collateral attack. In support of this argument, the Coffelts cite *Greene County* v. *Knight*, 174 Ark. 618, 297 S.W. 861 (1927) and *Independence County* v. *Lester*, 173 Ark. 796, 293 S.W. 743 (1927).

The Knight case is clearly distinguishable because the lower court's condemnation order there was made without notice to the landowners and was unquestionably void. In the present case, the Commission performed its statutory duties and the Coffelts undisputedly were apprised and notified of the state's condemnation proceedings.

The *Lester* case involved a county court's taking of a landowner's property but the landowner's claim for the damages was disallowed because the county revenues had been exhausted and the county was therefore prohibited from paying the claim under restrictions in amendment 11 to the Arkansas Constitution. Under such circumstances, this court held the county court had no power to condemn the landowner's property and thus the county court's order to that effect was absolutely void. Although when reviewing the language used in the *Lester* decision one might question whether the county court's order could be labeled as merely erroneous rather than void, this court's decision there was based upon its finding that the county court, under amendment 11, had no authority whatsoever to take the landowner's property since the county court had no revenues to pay for such a taking. In this context, the court concluded the county court's order was absolutely void. Again, in the present case, the situation

differs since the Commission followed its statutory duties required under Ark. Code Ann. §§ 27-67-301 to -67-323 (1987) and paid an estimated deposit under § 27-67-314 (1987) in connection with its taking of the Coffelts' property. In sum, here the circuit court had jurisdiction of the condemnation proceeding and no showing was made that fraud or collusion was involved. That being so, the judgment was not void.

Finally, we address the Coffelts' concern that since the circuit court judgment reflects the Commission took their property without an award of damages, such a verdict was inconsistent and therefore void by its own terms. The Commission counters such an argument, correctly we believe, stating the Coffelts wish to ignore that the jury was correctly instructed concerning the state's taking of the Coffelts' property and that the jury could have accepted the Commission's expert testimony that no damages resulted from the taking. Such damages issues could well have been addressed in the Coffelts' direct appeal from the circuit court's 1985 judgment and a determination could have been made regarding the correctness of the jury's acceptance of the Commission's evidence on this issue. As previously mentioned, we disposed of this and other issues raised (or which could have been raised) when we summarily affirmed the Coffelts' appeal from the circuit court's judgment in 1985.

For the foregoing reasons, we reverse and dismiss the chancery court's decision holding the Pulaski County Circuit judgment void.

HICKMAN and TURNER, JJ., not participating.